LEONA M. JOHNSTON, Plaintiff-Appellee, *v.* WILLIAM N. JOHNSTON, Defendant-Appellant.

(No. 52948;

First District—January 13, 1971.

*Rehearing denied January 26, 1971.*

Zlatnik, Gaines, Boyer & Shepp, of Chicago, (Michael F. Zlatnik and Gary D. Freidman, of counsel,) for appellant.

Korshak & Rothman, of Chicago, (Thomas J. Finnegan, of counsel,) for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Plaintiff, Leona M. Johnston, filed her amended complaint for divorce on August 15, 1967. She charged defendant, William N. Johnston with wilful desertion, habitual drunkenness, mental cruelty and adultery. She alleged that the marital home was her sole property because it had been purchased with her personal funds and that she held title to it in joint tenancy with defendant only for convenience. She further alleged that defendant, who earned substantial income, had refused to support her and the children of the marriage and that she did not have sufficient income to support herself and the children and to defray the expenses of the litigation. She prayed *inter alia* for alimony, attorney's fees, and the award of sole title to the marital home.

Defendant in his answer denied all of the substantial allegations of the amended complaint. With regard to the marital home he alleged that it was purchased with his funds, that title was originally held in his name, and that plaintiff received her one-half interest in the property as a gift from him. He denied that plaintiff was entitled to any of the relief sought.

The case proceeded to trial on November 1, 1967, from the contested divorce calendar. Both parties were represented by their respective counsels, but defendant was not present. Plaintiff, who was the only witness, testified that she had married defendant on January 25, 1947, and had lived with him until July 6, 1966, when he deserted her without cause or

justification. After she and defendant were married, they resided for some time in an apartment building owned by her mother. They then purchased with her personal funds two lots for $2,300.00 and a third lot for $1,800.00, and they had a house constructed on the property. They financed the construction of the house by using $10,000.00 of her personal funds as a down payment and by placing a mortgage on the property for the balance.

After plaintiff rested her case, the defendant rested without introducing any evidence. The Court then made various findings of record and informed the parties that defendant would be ordered to convey all of his right, title and interest in the marital home to plaintiff and that he would be ordered to pay the sum of $2,500.00 as and for plaintiff's attorney's fees. The following colloquy then occurred:

Mr. Finnegan: In view of the fact that there is no pleading of any special equities or existing circumstances, this transfer of the undivided one-half cannot be transferred unless he gets something in return for it. Is she going to waive alimony?

The Court: Definitely, that is the consideration for the transfer. That is my understanding, is that true?

The Plaintiff: Yes sir.

The Court: I think you should be advised that if you waive alimony you are forever barred now and forever from coming back to this court or any other court and asking for alimony.

The Plaintiff: Yes, sir.

The Court: Prepare your decree.

On November 13, 1967, the Court entered a decree granting plaintiff a divorce on the ground of desertion. As a part of the decree defendant was ordered to quit-claim all his right, title, and interest in the marital home to plaintiff. In addition he was ordered to pay (1) child support in the amount of $65.00 per week, (2) $390.00 for past due child support, and (3) $2,500.00 as and for plaintiff's attorney's fees. Plaintiff was forever barred from asserting any claims for alimony or any claims for dower or homestead in the property of defendant. Both attorneys approved this decree.

On November 27, 1967, defendant filed a notice of appeal from those parts of the divorce decree which ordered him to convey his interest in the marital home to plaintiff and from the order which required him to pay $2,500.00 as and for plaintiff's attorney's fees.

Thereafter, on December 13, 1967, the Court entered an amended decree which substantially reiterated the findings and orders of the original Decree. The Amended Decree in addition found that defendant

owed plaintiff $587.79 for mortgage payments, $559.85 for real estate taxes, and $84.63 for utility bills pursuant to an earlier temporary order of the Court, and it ordered defendant to pay an additional $1,232.27.

The defendant, on appeal, contends (1) that neither the pleadings nor the evidence warranted the transfer of defendant's interest in the real estate to plaintiff, (2) that the trial court abused its discretion in awarding attorney's fees to plaintiff without first determining the financial circumstances of the parties and the services performed by her counsel, and (3) that the Amended Decree was void for lack of jurisdiction because it was entered after a notice of appeal had been filed.

Section 17 of the Divorce Act (Ill. Rev. Stat. 1967, Ch. 40 par. 18) provides that if it appears to the court in granting a divorce that either party holds title to property equitably belonging to the other, the court may compel the conveyance thereof to be made to the party entitled to the same upon such terms as it shall deem equitable.

██ The Court found that plaintiff had special equities in the marital home which entitled her to receive defendant's interest in the property. A reviewing court will not disturb the findings of a trial court unless the findings are against the manifest weight of the evidence. (*Schulenburg v. Signatrol Inc.*, 37 Ill.2d 352, 226 N.E.2d 624.) Upon an examination of the record we canont say that the findings are manifestly incorrect. It was the uncontroverted testimony of plaintiff that all the money used to purchase the property came from her personal funds. The wisdom and fairness of the finding and determination is readily apparent when it is considered that plaintiff waived all claims for future alimony. See *Haderaski v. Haderaski*, 415 Ill. 118, 112 N.E.2d 714.

We must also note the nature and extent of the proceedings in the Circuit Court. The trial was brief, and very little evidence was introduced. The proceedings of record were similar to a prove up in a default divorce. During oral argument we were informed that the Court conducted a pre-trial conference with the attorneys. This may account for the brevity of the trial and for the recital in the Decree that the Court was fully advised in the premises. According to the record the only objection raised by defendant to the order requiring him to convey his interest in the marital home to plaintiff was that plaintiff had not waived her right to future alimony. After this objection, however, plaintiff immediately waived this right.

Because of the view we take, the cases cited by defendant are, in our opinion, clearly distinguishable` from the facts in the case at bar, and consequently, do not require discussion here.

██ We consider next whether the Court abused its discretion in

awarding attorney's fees without first determining the financial circumstances of the parties and the services performed. It has long been the rule in this jurisdiction that the allowance of attorney's fees in a divorce proceeding rests in the sound discretion of the trial court and that a reviewing court will not interfere with the exercise of that discretion unless it is clearly abused. *Ylonen v. Ylonen,* 2 Ill.2d 111, 117 N.E.2d 98. In the absence of a request for a hearing of evidence, the Court may base the award of fees on the financial circumstances of the parties and the apparent services rendered by counsel as shown in the record. *Kijowski v. Kijowski,* 36 Ill.App.2d 94, 183 N.E.2d 583.

■■  At trial, according to the report of proceedings, defendant's counsel made no comments and took no action with regard to the award of attorneys fees. He made no request for an evidentiary hearing as to the services performed. He made no point of the $6,000.00 yearly salary which plaintiff earned or of the lack of evidence concerning defendant's income. In sum he made no objection after the $2,500.00 in fees was awarded. The record, however, reveals that plaintiff's attorneys performed many time consuming services, and the decree recited that the Court was fully advised in the premises. Under these circumstances we will not interfere with the Court's exercise of discretion in the awarding of attorney's fees.

■■  The last contention advanced by defendant is that the Circuit Court had no jurisdiction to enter the Amended Decree after the notice of appeal from the original Decree had been filed. In the Amended Decree, the Court ordered defendant to pay the additional amounts of $587.79 for mortgage payments, $559.85 for real estate taxes, and $84.63 for utilities. No request was made by plaintiff for these payments at the contested trial, and this claim was, therefore, clearly waived. The award of the aforementioned items totaling $1232.27, in the Amended Decree, is clearly erroneous, and the Amended Decree is reversed to that extent.

The Decree for Divorce entered on November 13, 1967, is affirmed. The Amended Decree entered on Novmber 27, 1967, is affirmed except for the allowance of $1232.27. The cause is remanded with directions that a decree be entered in accordance with the views expressed in this opinion.

Affirmed in part, and reversed in part and remanded with directions.

ADESKO and DIERINGER, JJ., concur.