CLARA SOPHIA BREEDLOVE, Plaintiff-Appellant, *v.* ORAL EUGENE BREEDLOVE, Defendant-Appellee.

(No. 71-6; )

Second District—June 1, 1972.

Young, Botti & Fawell, of Lombard, for appellant.

Reis, Kula and Young, of Lombard, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

A 1967 decree of divorce awarded custody of four daughters to their mother, plaintiff in this cause. The oldest girl was plaintiff's natural child by a previous marriage who had been adopted by defendant.

Delinquencies in support and other payments which the court had ordered defendant to make accumulated rather steadily until 1970 when defendant moved for a change of custody of the minor children to himself, alleging neglect adversely affecting their physical and mental health and his own ability to give them proper care. After plaintiff was served with notice she then filed her petition for enforcement of payment and an increase in child support alleging that defendant's income and the cost of living had greatly increased since entry of the decree. Extended

hearings were had by the court in the summer of 1970 and the court entered an order of modification of the decree on September 14, 1970.

Their relative earnings were then $15,000 yearly by defendant, who was remarried to a woman employed as a school teacher in Portland, Maine, where they reside, and $125 weekly by plaintiff employed as a secretary and not remarried.

■■ As is not unusual, verification of amounts paid or owing over a period of years was difficult, and in this case included a 1968 reduction in child support to $300 monthly which was apparently memorialized in a court reporter's transcript and introduced into evidence although we do not find it among the exhibits. Plaintiff's previous attorney although directed by the court to do so, had not tendered a written order to the court. The trial court entered the reduction order *nunc pro tunc* as of the 1968 date over plaintiff's objection. As this point is argued in plaintiff's original brief but omitted from an amended brief, we consider it waived and affirm the finding of the trial court that an accumulated sum of $3,-996.79 was owing to plaintiff and affirm also that portion of the order providing a schedule for payment of the amount owing and 6% interest on future delinquencies. This record shows much attention of the trial court and counsel to determining an account of defendant's payments. We believe no more accurate result is obtainable.

■■■ Custody of the two younger girls was awarded to the father and custody of the two older girls remained in their mother as being in their best interest. Generally, in a child custody hearing, the welfare of the child is the paramount issue, each case stands on its own facts, every presumption is in favor of the findings in a divorce decree, and some sufficient change of circumstances must be shown to justify a change in custody. (*Frees v. Frees* (1968), 99 Ill.App.2d 213, 240 N.E.2d 274.) The party seeking to modify custody has the burden of proving altered conditions. (*Hirth v. Hirth* (1965), 59 Ill.App.2d 240, 207 N.E.2d 114.) To deny custody of a minor, especially a daughter, to her mother requires compelling evidence proving the mother an unfit person or a positive showing that denial of custody to the mother would be in the best interests of the child, (*Nye v. Nye* (1952), 411 Ill. 408, 105 N.E.2d 300), and an award of custody of a minor child to the mother can only be upset by such evidence. *Akin v. Akin* (1969), 109 Ill.App.2d 150, 158, 248 N.E.2d 829.

The appellant herein challenges the order of the trial court in awarding custody of two of the children to the father, and secondly, raises the question of the *nunc pro tunc* order reducing child support payments.

■■ The first contention of the appellant is that the court considered the testimony of the school nurse, Verle Love, who was allowed to testify

as to figures and statistics taken from the school records with relation to the attendance of three of the children in school. The school nurse testified from an exhibit prepared by the Principal disclosing that in the case of Jennifer, the eleven-year-old child, she was absent approximately one-third of the time and the days she did attend she was tardy approximately one-half of the time. In the case of Vicki, a nine year old child at that time, she was absent approximately one-fourth of the time and was tardy on the days she did attend more than one-half of the time. Lastly, in the case of Kathy, then seven, she was absent thirty-three and one-half days out of one hundred twenty and of the one hundred twenty days present she was tardy approximately one-half of the time. She further testified that she in fact had prepared the exhibit from the school records and that she makes entries in the "ADA" (average daily attendance record) from the respective teachers. We do not feel it is necessary for us to determine whether or not this testimony and the exhibit pertaining thereto is admissible at this point.

There appears to be no argument that the record is correct and several witnesses did in fact testify relative to the attendance of the three children in question, including the mother. Under the circumstances the admission or nonadmission of this exhibit is not controlling. While it may be inadmissible it does not constitute reversible error in view of the other testimony adduced.

■■■ The second contention of the mother is that there was insufficient evidence to support a change in custody. The plaintiff cites *Nye v. Nye, supra,* wherein the court held "there must be positive showing that to deny custody to the mother would be for the best interest of the child." That is exactly what the trial court found in the instant case. No useful purpose would be served in reiterating the testimony of the plaintiff's and defendant's witnesses. The trial court was in a far better position to weigh and evaluate the testimony of the witnesses produced by both of the litigants than a court of review. This court has repeatedly said that it will not substitute its judgment for that of the trial court in the absence of obvious injustice or error.

The trial court considered this case carefully, diligently, and spent much time in determining what was for the best interest of the children concerned. We therefore affirm.

Judgment affirmed.

ABRAHAMSON and T. MORAN, JJ., concur.