MYRNA MURIEL FINN, Petitioner-Appellant and Counterdefendant, *v.* LAWRENCE MARTIN FINN, Respondent-Appellee and Counterplaintiff.

(No. 72-7;

Second District—April 2, 1973.

*Rehearing denied June 26, 1973.*

Boodell, Sears, Sugrue & Crowley, of Chicago, (Thomas J. Boodell, Jr., and William Thomas Braithwaite, of counsel,) for appellant.

Flack, Chisholm & Krneta, of Lake Zurich, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

Myrna Muriel Finn, for purposes herein referred to as plaintiff, and Lawrence Martin Finn, hereinafter referred to as defendant, were married in December, 1956. They resided in Pennsylvania where two children were born, Norman Jeffrey Finn on November 20, 1957, and Natalie Ruth Finn on October 25, 1958. In 1969 the defendant left his employment in the east and moved to California. Two months later his wife joined him with the children and very shortly thereafter the defendant advised his wife that he wanted a divorce. A decree of divorce was entered in California on August 26, 1970 after they had complied with the residence requirement of the State of California. The plaintiff requested custody of both children and the decree awarded custody to her allowing the defendant to have the children six weeks during the summer. It was stipulated by the parties in the California divorce decree that the defendant would pay the plaintiff $1.00 a month for a period of two years for her support and $108.33 thereafter. It was also stipulated that the wife was to have custody of the two children subject to the aforementioned six weeks vacation with the husband and that the wife could reside outside of the State of California. About a week after the decree became final the defendant remarried and three or four months later, moved to Lake Zurich, Illinois, where he purchased a home and adopted the two children of his new wife. The following summer, the defendant went to California and under the provisions of the decree brought the children with him to Illinois for the six weeks vacation period authorized by the decree. The children shortly thereafter wrote their mother in California and advised her that they preferred to reside with their father and his new wife and children in Lake Zurich, Illinois. In August, 1971, the mother petitioned the Circuit Court of Lake County to register the foreign judgment of divorce in Illinois and the same was filed in Lake County, Illinois. The mother came to Illinois and a hearing was had on the custody of the children in the Lake County Circuit court under the provisions of the divorce decree entered in California. The Lake County trial court specifically found that both of the parties were proper persons to have the custody of the children. However, based solely on the preference of the children, the Lake County court modified the California decree by changing custody to the defendant father. The plaintiff mother appeals from that judgment.

The primary question presented to this court is whether the order of the trial court in Illinois in changing custody from the mother as ordered in the trial court of California, to the father, is against the manifest weight of the evidence. The mother contended that the father purposely embarked upon a scheme to deprive her of the custody of her children by planting in their tender minds the ideal of living with him and his new wife. The case of *Stickler v. Stickler* (1965), 57 Ill.App.2d 286, 206 N.E.2d 720, is strikingly similar to the situation before us. In *Stickler* the father obtained custody of the children by agreement of the parties and the preference of the children. The mother sought to modify the decree by changing the custody of the daughter, aged sixteen, from the father to her. She had previously expressed a desire to reside with the father but then changed her preference to that of the mother. The trial court found both parties were fit and proper persons for the custody of the minor daughter and changed the custody to the mother. The Appellate Court in reviewing the change of custody order stated at page 289:

"We believe that the instant case presents the first occasion in Illinois that the courts have been called upon to decide whether a change in the child's preference is, in itself, a sufficient change in circumstances to warrant modification of the custody award. We are aware of the difficulty a trial judge has in making child custody decisions and we are hesitant to disagree with him in these matters. Nevertheless, we are of the opinion that the welfare of a child will not be served best if a change in custody is granted solely upon the child's own change in preference."

and further went on to say on page 291:

"Under all these circumstances it is our conclusion that the mere change in a child's preference as to the parent with whom she would like to live is not a sufficient change in circumstances to warrant transfer of the child's custody. The trial court's order will, therefore, be reversed."

The defendant father herein has cited the case of *Hirth v. Hirth* (1965), 59 Ill.App.2d 240, 207 N.E.2d 114, as authority for the preference of the children as being controlling in a custody hearing. In *Hirth* the children were awarded to the mother; both parties remarried; the mother was divorced from her second husband, was unable to care for the children; and pursuant to stipulation of the parties she relinquished temporary custody to the defendant under the agreement that he would return them upon the completion of the school year. The defendant-father complied and returned the children to the plaintiff and then filed a petition for change of custody. The trial court found that both of the parties were proper persons to have custody of the children. The older of the two

children expressed a preference to live with her mother. The Appellate Court held that placing upon the plaintiff the burden of sustaining the custody provisions of a divorce decree was improper, and where the defendant was seeking to modify the custody provisions of the divorce decree, the burden was upon him to show why such change should be made. The court held that the father had failed to establish that the plaintiff was less fit to have custody of the children or that their welfare required the change of such custody to him, and further held that the order of the trial court changing the custody to the father was against the manifest weight of the evidence. We find that to be the situation in the instant case before us.

In *Arden v. Arden* (1960), 25 Ill.App.2d 181, 166 N.E.2d 111, custody of the minor child was awarded to the plaintiff and upon a post decretal petition of the father, the custody of the child was changed to that of the defendant father. The court stated at page 186:

> "In all matters concerning the custody of the child, the paramount issue and the guiding star for the court is the welfare of the child. The fact of changed conditions, is not sufficient. Before a court has the authority to modify a decree as to custody, those changed conditions must be such that affect the welfare of the child."

The court went on to state at page 190:

> "And since the decree of divorce is *res adjudicata* as to the fitness of the plaintiff at the time of the decree, there must be convincing proof that the fitness of the plaintiff to have the custody of the child has so materially changed, as to affect the welfare of the child. We do not find such proof in the record."

And that is the situation in the case before us. While *Arden* dealt with a child of younger years and while the question of preference of the child was not presented, the principles enunciated therein are controlling nonetheless.

The same is true in the case of *Nye v. Nye* (1952), 411 Ill. 408, 105 N.E.2d 300. In *Nye* the custody of the minor child was awarded to the mother. Subsequently, in a petition for change of custody the trial court found that the mother was unfit to have custody of the child. The Appellate Court reversed, and the Supreme Court in affirming the opinion of the Appellate Court which had held that the change in custody was improper, stated at page 416:

> "In proceedings involving child custody the order of the court or judge having competent jurisdiction is a final order, and is binding upon the parties under the same facts and so long as the same conditions exist as did at the time of the hearing and order. [Cita-

tion.] New conditions must have arisen to warrant the court changing its prior custody determination, [citation] where the court was not imposed on by perjury or collusion of the parties."

In *Eggemeyer v. Eggemeyer* (1967), 86 Ill.App.2d 224, 231, 229 N.E.2d 144, 148, the court stated in referring to a decree of divorce and citing from *Szczawinski v. Szczawinski* (1962), 37 Ill.App.2d 350, 353, 185 N.E.2d 375, said:

" 'It is true that the trial court is clothed with a large discretion in child custody matters and a reviewing court is reluctant to interfere with the trial court in its exercise of such latitude of choice. However, in post decree proceedings for the modification of child custody provisions of the divorce decree, the discretion of the trial court is a judicial discretion limited to the pleadings and proof pertaining to a change in circumstances which affect the welfare of the child, sufficient to warrant the modification of the decree.' "

Returning to the question of preference of the child as being decisive in custody questions, we find the case of *Swanson v. Swanson* (1971), 1 Ill.App.3d 753, 274 N.E.2d 465. In *Swanson,* custody of the minor daughter of the parties was awarded under the decree to the mother in 1964. In 1970 the defendant father filed a petition seeking modification of the decree and asked that the custody of the daughter be awarded to him. The trial court awarded custody of the daughter to the defendant father. The trial court further found that the evidence indicated that both parents were fit and proper custodians. After stating the general rule is that the welfare of the child is the cardinal consideration in determining custodial arrangements for the child and the corollary rule thereto is once custody was decreed it would not be modified unless there were changed circumstances affecting the welfare of the child which required a modification of the custodial arrangement. The court then considered the daughter's stated preference to discontinue living with her mother and step-father and her desire to live with her father and stepmother, and further found that the only basis for modifying the custodial arrangement was the daughter's preference. The court stated at page 755:

"Although the preferences of a minor child are important factors to be considered in custodial arrangements the court is not bound to follow such wishes. [Citation.] As indicated in *Elble v. Elble,* 100 Ill.App.2d 221, 241 N.E.2d, 328, the wishes and preferences of the child standing alone do not warrant changing custodial provisions previously established. In *Stickler v. Stickler, supra,* a case in which the facts are strikingly similar to those in the case at bar, the court discusses the subject of a child's prefer-

ences at length and concludes that such preference is insufficient to warrant a transfer of custody."

and concluded at page 756:

"It is our conclusion that the desires and preferences of a child for change in custodial arrangements is only appropriate when based on reasons related to a child's best welfare. Where such reasons are absent as we believe they are in the instant case, the child's preference is not an appropriate basis for modifying the custodial provisions in a decree."

■■ Like the trial court herein we find no evidence whatsoever in the record that the plaintiff mother herein is an unfit person to have custody of the two minor children. We further fail to find any change of circumstances that would warrant the change in custody from the mother to the father. The father was the instigator of the divorce of the parties. The fact that he is now remarried and is able to furnish a home and material possessions to a better degree than the divorced wife who is not remarried, does not constitute a changed circumstance within the meaning of the terms in Illinois.

The defendant has cited *Carlson v. Carlson* (1967), 80 Ill.App.2d 251, 225 N.E.2d 130, and *Corcoran v. Corcoran* (1967), 79 Ill.App.2d 328, 224 N.E.2d 611, as authority for a change in custody. We find those cases are both distinguishable in that the deciding factor therein was the mental illness of one of the parents.

Likewise, the case of *Breedlove v. Breedlove* (1972), 5 Ill.App.3d 774, 283 N.E.2d 919, cited by the defendant father is not controlling as in that case we found that in fact there were changed circumstances with regard to the custody of the mother which do not appear in the case now before us.

■■ The remaining question before us pertains to the awarding of attorney fees and court costs for the hearing in the Illinois court. In *Johnston v. Johnston* (1971), 130 Ill.App.2d 1042, 1046, 266 N.E.2d 685, it was held at page 688:

\* \* \* "It has long been the rule in this jurisdiction that the allowance of attorney's fees in a divorce proceeding rests in the sound discretion of the trial court and that a reviewing court will not interfere with the exercise of that discretion unless it is clearly abused."

■■ Here, the court inquired deeply into the evidence and arguments of counsel and it would appear that the court felt that this was not a case where the wife should automatically be awarded attorney's fees and it is totally within the discretion of the trial judge after reviewing all evidence to so rule. This court will not substitute its judgment for that of

the trial court in this regard in the absence of obvious injustice or error.

For the foregoing reasons the order of the Circuit Court of Lake County, modifying the California divorce decree and awarding custody of the minor children to the defendant father, is reversed. The order denying attorney fees to the plaintiff mother is affirmed.

Reversed in part; affirmed in part.

ABRAHAMSON and SEIDENFELD, JJ., concur.