ARTHUR B. FRAASE, Plaintiff and Counterdefendant-Appellant-Cross-Appellee, *v.* BELVIE FRAASE, Defendant and Counterplaintiff-Appellee-Cross-Appellant.

(No. 12829;

Fourth District—June 19, 1975.

Michael J. Costello, of Springfield, for appellant.

Roy M. Rhodes and Robert M. Magill, both of Springfield, for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

This appeal arises out of an order of the Circuit Court of Sangamon County granting a divorce and dividing the property of the parties. Mrs. Fraase was granted a divorce on mental cruelty grounds. Neither party is appealing that finding. The trial court also ordered that certain real estate shall be the property of the parties in equal shares. Mr. Fraase is appealing that portion of the decree. Mrs. Fraase is cross-

appealing that portion of the order which denied her alimony and a share in the farm equipment and livestock.

The real estate in question consists of four parcels owned by the parties in joint tenancy and acquired in the course of the marriage. One parcel, on which there is a tavern, is not in dispute. The other three consist of farmland and the various buildings thereon. Before acquisition by the Fraases the land had belonged to various of Mr. Fraase's relatives.

■■ When property is put into joint tenancy by a married couple, there is a strong presumption of a gift to the other spouse by the spouse who provides the consideration. This presumption can be overcome only by clear and convincing evidence. (*Bruin v. Bruin*, 72 Ill.App.2d 51, 219 N.E.2d 68.) Mr. Fraase contends that the presumption has been overcome in this case.

Mr. Fraase testified that these properties were put into joint tenancy to protect the property at the death of either Fraase from quarrels by his or her relatives. The protection was believed necessary because of a family history of quarrels over this property. This land had been subject to various legal proceedings including partition sales which were necessary on the deaths of the two previous owners of the land (Mr. Fraase's father and uncle).

In *Partridge v. Berliner*, 325 Ill. 253, 156 N.E. 352, the husband had testified that the sole reason that the property was put into joint tenancy was to take advantage of the survivorship aspect of a joint tenancy and to avoid probate. He alone had exercised control and his wife never claimed or expected any interest except in the event of her husband's death. The court held that since there was no intention on the husband's part to create a present estate in his wife, the joint tenancy never existed.

In *Ludwig v. Ludwig*, 413 Ill. 44, 107 N.E.2d 848, the testimony was similar. The court held that there existed a resulting trust in the husband as a matter of law under those circumstances.

Even assuming that these two cases are still viable today, they are distinguishable from the case at bar.

First, there is not present here the clear testimony as in *Partridge* and *Ludwig* that the wife never believed herself to have a present interest or that the purpose was to avoid probate, thereby saving money. In addition, in the present case, the consideration was not provided solely by the husband nor was the property acquired before the marriage. The largest parcel was purchased with a loan from the Federal Land Bank, for which both Mr. and Mrs. Fraase signed and which has been substantially reduced since the purchase.

■■ The presumption of a gift cannot be frittered away by refinement. (*Bruin v. Bruin*, 72 Ill.App.2d 51, 219 N.E.2d 68.) The mere fact that the parties put the property into joint tenancy in order to take advantage of some of the unique aspects of that type of estate is not the kind of clear and convincing evidence which can overcome the presumption, just as the presumption was not overcome by testimony that the purpose was to obtain a loan (*Bruin v. Bruin*) or eliminate a first wife's name from the deed (*Baker v. Baker*, 412 Ill. 511, 107 N.E.2d 711).

Mr. Fraase alternatively argues that he has proven special equities in this property.

Section 17 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, § 18) provides that the court may compel either party to convey title to property that the court believes equitably belongs to the other.

The special equities alleged by Mr. Fraase are that the land comes from his family and has been improved by his efforts, although both testified Mrs. Fraase performed the ordinary duties of a farm wife, at least during the early years of the marriage before her health deteriorated.

No case has been cited where the circumstance that one party, or one party's family, has provided the consideration, is sufficient in itself to show special equities. Indeed such a holding would seem to directly contradict the cases discussed above involving the presumption of a gift.

Courts have compelled conveyance under the special equities doctrine where the property was acquired solely by one party before the marriage and the marriage is of extremely short duration. (*Bissett v. Bissett*, 375 Ill. 551, 31 N.E.2d 955.) Obviously that situation differs from one where the property is acquired during the course of a 25-year marriage.

■■ Mr. Fraase cites several cases which, he states, stand for the proposition that where property is bought and maintained by one party's efforts, the special-equities doctrine decrees that it be reconveyed to that party. (*Haderaski v. Haderaski*, 415 Ill. 118, 112 N.E.2d 714; *Johnston v. Johnston*, 130 Ill.App.2d 1042, 266 N.E.2d 685.) We do not read those cases as stating so broad a proposition. The cases are remarkably similar. In each the wife is granted a divorce and property is equitably conveyed to her. In both the husband was mostly absent, and had contributed little, if anything, to the acquisition of the property, a homestead. A significant factor in both cases noted by the court affirming the award was that the wife had released her alimony claims. The conveyance of the property was as justifiable as property in lieu of alimony as it was special equity property. This factor is absent in the case at bar (and in fact, works against Mr. Fraase's claim as Mrs. Fraase received

no alimony). We consider the cases therefore to be distinguishable. The trial court's decision is clearly not against the manifest weight of the evidence.

For these reasons we affirm the decision of the trial court that the joint tenancy property belongs to the parties in equal shares.

Mrs. Fraase cross-appealed the decision of the trial court denying her alimony and a share in the personal property of the husband (farm equipment and livestock). However, she has filed a motion for leave to dismiss the appeal in the event this court affirms the trial court on the issues presented by the husband's appeal. That event having come to pass, the motion for leave to dismiss the cross appeal is granted.

The judgment of the circuit court is affirmed.

Judgment affirmed.

GREEN and TRAPP, JJ., concur.