NANCY J. McWILLIAMS, n/k/a Nancy J. Closson, Plaintiff-Appellant, *v.* RICHARD A. McWILLIAMS, Defendant-Appellee.

Second District (2nd Division)   No. 75-502

■■■■■

Opinion filed October 26, 1976.

Jerome J. Zelden, of Chicago, for appellant.

Lloyd J. Tyler and David P. Peskind, both of Tyler, Peskind & Solomon, of Aurora, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal from the decision of the circuit court of Kane County denying the wife's petition for a change of custody of her seven-year-old son.

The testimony at the hearing on the petition for change of custody established that when the mother and father were divorced—in January, 1975, the husband retained the marital home and the custody of their child, John, was awarded to the father pursuant to paragraph 3 of the agreed property settlement which provided:

> "3. That it is the further agreement between the parties that custody of the minor child, John Alan McWilliams, shall temporarily reside with Richard A. an [sic] McWilliams, the defendant, it being the considered opinion and judgment of the parents that to remove said minor child from his natural habitat and away from his friends and peer group would be contrary to his best interests; that said custody arrangement shall in no way imply any unfitness of the plaintiff or reflect upon her love and devotion toward her son, but is merely a decision taking into consideration the best interests of said minor child."

The decree of divorce was entered in January, 1975, awarding custody of the child to the husband without reference to the property settlement. The wife filed the petition which is the subject of this appeal in May, 1975. Between the divorce and the hearing on the petition both parties remarried. The husband and his second wife—who had previously been married and divorced—continued to reside in the marital home, together with John, the child in question, and the second wife's minor child by her previous marriage. The wife, after her remarriage, quit her previous job with an insurance company and the couple bought a home in Aurora, Illinois.

The wife, in her petition to modify the custody provision of the decree, contended that the child was only left temporarily with the husband for the purpose of finishing out the school year "with his own peer group" and attempted to establish that it was the intention of both parties that the child would be returned to the mother's custody at the end of the school year. The husband testified it was merely the intention to provide a stable

environment for the boy. A review of the evidence does not establish that the "temporary" custody of the husband was only for the purpose of "finishing out the school year." The wife also contended that the neighborhood where she and her present husband are now living provides a more suitable environment because there are many children living on the block where she now resides for John to play with, whereas the present home in Big Rock, Illinois, is in a somewhat rural location and is isolated so that John has few playmates. In addition, the wife asserted, the fact that the husband's new wife has a child of her own naturally dilutes her love for John so that there is less love than she, the natural mother, would provide.

On cross-examination, however, it was admitted by the wife and her present husband that the child appeared to be healthy and happy and developing normally, when he visited his mother under regular visitation privileges. No problems in school or otherwise, reflecting on his present environment, were established by the testimony, which clearly indicated that both parties were fit and loving parents.

At the conclusion of the hearing the court found that while both parties were fit parents, there had been no evidence presented to the court which would be a sufficient basis for changing the custody and he therefore denied the petition.

It is the wife's theory in this appeal that her remarriage constitutes a change of circumstances since the divorce decree and should be considered as a basis for modifying the decree as to custody. The wife cites the cases of *Kline v. Kline* (1965), 57 Ill. App. 2d 244, and *Cave v. Cave* (1971), 2 Ill. App. 3d 782, as supporting her contention that remarriage is a change of circumstance to be noted by the court in considering a change of custody. Neither of these cases help the plaintiff here because in both cases it was the person having custody who remarried so that her remarriage directly concerned the children, whereas in the case before us the person who is invoking the ground of remarriage is out of custody so that her remarriage does not directly affect the child's environment.

■■ The determining factor in a custody case is, of course, the best interests of the child and the decision whether or not to modify the child's custody rests upon the court's determination as to where that interest lies. (*Finn v. Finn* (1973), 11 Ill. App. 3d 385, *Garland v. Garland* (1974), 19 Ill. App. 3d 951.) As the court said in *Vysoky v. Vysoky* (1967), 85 Ill. App. 2d 306, 309, 310:

> "To justify a modification of the decree and a change of custody, the evidence must establish that the parent to whom the children were originally awarded is unfit to retain custody or that a change of conditions makes a change of custody in their best interest.

[Citation.] The party seeking to alter the custody provisions has the burden of proving that the children's best interest requires such a change.[citation] * * *."

To the same effect are the recent cases of *Marcus v. Marcus* (1974), 24 Ill. App. 3d 401 and *King v. Vancil* (1975), 34 Ill. App. 3d 831. In the latter case the court said at page 836, "[i]t is necessary that there be a positive demonstration by the person deprived of custody that the change is necessary for the welfare of the children."

This language is in accord with previous decisions of this court. In *Eggemeyer v. Eggemeyer* (1967), 86 Ill. App. 2d 224, 231, in denying the mother's application for change of custody, this court said:

"In all matters concerning the custody of children, the paramount issue is their welfare. The fact of changed conditions, in itself, is not sufficient to warrant modification of the custody provisions of the decree, unless such changed conditions affect the welfare of the child or children."

■■ ■ In the case before us the remarriage of the mother has no bearing on the immediate environment of the child since she does not have custody. It does not appear from the testimony that there has been any disadvantageous change whatsoever in his environment since the decree. The evidence indicated he was healthy and happy and doing reasonably well in school. The trial court found both parties good and proper persons to have custody but saw no reason to change the existing arrangement. We agree with the trial court. Where there has been no change in the conditions attending the child's custody, he is healthy and happy and properly cared for by the parent having custody, the desire of the other parent to have custody is not a sufficient, positive reason for the court to order such change.

We find no error in the trial court's ruling and the judgment of the circuit court of Kane County is affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.