BONNIE J. RATTRAY, Plaintiff-Appellee, *v.* RALPH R. RATTRAY, Defendant-Appellant.

Second District (2nd Division)   No. 75-409

Opinion filed November 19, 1976.

Harry Schaffner, of Schaffner & Ariano, of Elgin, for appellant.

William R. Ketcham and Leo M. Flanagan, Jr., both of Brittain, Ketcham, Strass & Terlizzi, of Elgin, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The circuit court entered a divorce decree in favor of the plaintiff. The defendant appeals from that portion of the decree which awarded plaintiff $1800 alimony in gross and $600 attorney's fees.

No children were born of the 10½-month marriage, the second marriage for both parties. At the time the couple married, plaintiff, who was then debt free, established a joint savings account with defendant by depositing $1500 of her funds. A portion of this amount was subsequently used to pay off a debt defendant had incurred prior to the marriage. During 1974, plaintiff earned $11,460 in commissions as a real estate broker, the major portion of this amount being earned in the first half of the year, prior to the recession in the real estate market.

On January 26, 1975, the couple separated and plaintiff withdrew the $1011 which remained in the joint savings account. At the time of the divorce hearing, plaintiff owed $1850 (which she had borrowed following the separation to meet her living expenses) and four $130 car payments (outstanding on the car which defendant had given her as a gift). In addition to these debts, plaintiff owed the Federal government approximately $3000 in taxes because she had failed to file estimated tax returns in 1974. She testified that her failure to file was due to the urging of her husband, who had promised her that they would use his yearly bonus to meet the tax obligation. Plaintiff earned only $2189.50 in real estate commissions during the first five months of 1975 and an additional $744 from a waitress job, which latter job she was forced to terminate because of illness. She had two savings accounts: one held $500, the amount remaining from the previous joint savings account, and the other held $300, her current savings toward her 1974 tax liability.

During 1974, defendant earned a $22,000 salary and received a $2400 bonus. He additionally netted a $1497 profit from a real estate partnership. At the date of the hearing, he was earning $24,000 per year, had a monthly expense account, and was supplied an auto by his employer. He owed an arrearage of $800 in his $350 a month support payments for his 4 children by a previous marriage, owed $100 a month to the childrens' dentist for orthodontic work, and owed $400 on his 1974 income taxes. On direct examination, he testified that during 1974 he had encouraged plaintiff to pay her estimated taxes and only after the separation learned that she had not filed. On cross-examination, however, when asked if he knew that plaintiff was not filing her estimated tax returns, he stated, "Well, I knew she had filed on [sic] the first quarter. After that, no—yes, I was aware she was not filing. I didn't want her to."

The record indicates that in granting plaintiff a divorce and awarding her alimony, the court was cognizant of plaintiff's lack of income due to the recession in the real estate business, her ill health which prevented her from carrying on supplementary employment as a waitress, and her outstanding indebtedness which included the $3000 owed in Federal

taxes. The court indicated that defendant bore partial responsibility for the tax debt. This conclusion was apparently based on plaintiff's testimony that her husband had urged her not to prepay the taxes because they would use his yearly bonus to meet the obligation. The court ordered defendant to pay the plaintiff $1800 as alimony in gross within 60 days of the date of the decree, and awarded plaintiff $600 for attorney's fees.

■■■ Defendant contends that the trial court abused its discretion in awarding plaintiff any alimony, and specifically, alimony in gross. He argues that, in light of the short duration of this marriage and the notion of equality between sexes, this was not a proper case for an alimony award.

Although alimony was originally founded on the natural and legal duty of the husband to support his wife, principles of equality between sexes have expanded the concept so that either husband or wife can be ordered to pay alimony (*Lane v. Lane* (1975), 35 Ill. App. 3d 276, 280.) This, however, does not alter the fact that alimony is conditioned on one spouse's financial needs and the other's ability to pay. (*Norris v. Norris* (1974), 16 Ill. App. 3d 879, 881.) Its purpose is not to visit punishment on one spouse, but to furnish the recipient spouse with support or to contribute to that spouse's partial support. (*Buehler v. Buehler* (1940), 373 Ill. 626, 632; *Byerly v. Byerly* (1936), 363 Ill. 517, 526; *Borowitz v. Borowitz* (1974), 19 Ill. App. 3d 176, 183.) The form and the amount of alimony awarded are matters that reside in the sound discretion of the court which heard and considered the evidence (*Canady v. Canady* (1964), 30 Ill. 2d 440, 444; *Overton v. Overton* (1972), 6 Ill. App. 3d 1086, 1089) and will not be set aside unless contrary to the manifest weight of the evidence. (*Hoffmann v. Hoffmann* (1968), 40 Ill. 2d 344, 349.) Despite the brevity of the marriage, the record indicates that, due to illness and an inactive real estate market, plaintiff's earnings were insufficient to support her; that she was financially indebted, in part because of the marriage and subsequent separation; and that the defendant was currently earning income far in excess of his current obligations. Based on the record in this case, it was not clearly against the manifest weight of the evidence for the trial court to find alimony properly awardable.

■■■ As to the form of the award, section 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 19) allows the court to award alimony in gross if the recipient spouse is entitled to alimony and the payment is equitable. (*Persico v. Persico* (1951), 409 Ill. 608, 612; *Yoselle v. Yoselle* (1964), 54 Ill. App. 2d 354, 359.) Contrary to defendant's contention, the brevity of the marriage, the parties' previous marital status, and the absence of children as a result of the union, are factors which arguably support the award of alimony in gross over other forms of alimony, once it has been determined that alimony itself is proper. (See *Loeb v. Loeb* (1972), 6 Ill. App. 3d 892, 894; *Hesley v. Hesley* (1973), 13 Ill. App. 3d 766.) Except for

defendant's argument above, he has not demonstrated the otherwise inequitable nature of the court's award of alimony in gross. Accordingly, we find that the court did not abuse its discretion in awarding alimony in gross.

■■■ Defendant also contends that the court abused its discretion in awarding attorney's fees. He does not challenge the reasonableness of the amount of the award but, rather, argues that, absent proof and a specific finding by the court of the plaintiff's inability to pay her own attorney fees, the court could not exercise its discretion.

Like the awarding of alimony, the awarding of attorney fees lies within the sound discretion of the trial court, and the exercise of that discretion will not be interfered with unless it is clearly abused. (*Canady v. Canady* (1964), 30 Ill. 2d 440, 446.) The court need not make specific findings of fact with respect to the party's financial ability in order to grant an award for attorney fees. (*Needler v. Needler* (1971), 131 Ill. App. 2d 11, 22; *Quagliano v. Quagliano* (1968), 94 Ill. App. 2d 233, 243; see *Johnston v. Johnston* (1971), 130 Ill. App. 2d 1042, 1045-46.) Neither is it necessary for the court to conduct a special hearing on the question of the party's ability to pay attorney fees when, as here, no such hearing was requested. (*Kaufman v. Kaufman* (1974), 22 Ill. App. 3d 1045, 1051; *Johnston v. Johnston* (1971), 130 Ill. App. 2d 1042, 1046.) The trial court, with stipulations and testimony of the parties' financial circumstances before it, could properly determine whether an award of attorney fees was proper. According to the parties' financial circumstances revealed by the record, the trial court did not clearly abuse its discretion in awarding attorney's fees.

Judgment affirmed.

RECHENMACHER and DIXON, JJ., concur.