CARL SOSTAK, Plaintiff and Respondent-Appellee, *v.* LILLIAN SOSTAK, Defendant and Petitioner-Appellant.

Second District    No. 82—405

Opinion filed April 6, 1983.

Bonnie M. Wheaton, of William J. Wylie & Associates, of Wheaton, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton, for appellee.

JUSTICE VAN DEUSEN delivered the opinion of the court:

This appeal, brought by petitioner, Lillian Sostak, arises from an order of the circuit court of Du Page County which required respondent, Carl Sostak, to pay to petitioner, Lillian Sostak, a $3,532.50 child support arrearage at a rate of $100 per month, and further required him to pay $250 towards the petitioner's $665 attorney fee.

On appeal, petitioner's principal contentions are that (1) the trial court abused its discretion by failing to assess higher monthly installment of arrearage payments against respondent and (2) in failing to pay petitioner's attorney fees in their entirety.

The parties were divorced on November 21, 1974. Respondent was ordered to pay $375 per month in child support for their five minor children. This sum was reduced periodically as the children became emancipated. As of June 1981, respondent was required to pay $150 per month in support.

On November 4, 1981, petitioner filed a petition for a rule to show

cause in connection with a support arrearage which had been accumulating since 1978. The petition was later amended to include a prayer for reasonable attorney fees. Prior to the hearing on the matter, the parties stipulated to an arrearage amount of $3,532.50. Petitioner waived a hearing on the issue of contempt, and the hearing was limited to the trial court's determination of the reasonable amounts of the arrearage that respondent should pay on a monthly installment basis and petitioner's entitlement to attorney fees.

At the hearing, respondent testified that his household included his present wife and her 18-year-old son. Respondent's net monthly income is $1,645.40, his present wife's net monthly income is approximately $1,200 per month, and their household expenses are $2,263.50 per month including child support. Respondent owns both his and petitioner's homes in joint tenancy with his second wife, although petitioner's home is subject to two mortgages. He is paying the mortgages on both homes, but he may not sell petitioner's home for approximately five more years pursuant to the original divorce decree. Respondent indicated that, for the past five years, his expenses have exceeded net income by approximately $600 per month. During the past year he sold his 1977 Cadillac and 1940 Packard in order to meet living expenses. His income ranged from approximately $22,000 to $29,000 during the years in which the arrearage arose.

The trial court ordered respondent to repay the arrearage at a rate of $100 per month and required him to pay $250 toward petitioner's $665 attorney fees. Thereafter, petitioner filed a motion for entry of findings in connection with the arrearage repayment and the assessment of attorney fees. The court denied the motion but did conclude that petitioner's attorney fees were reasonable. This appeal followed.

■ We note that respondent has not filed a brief on appeal. This court is not obligated to act as an advocate or search the record to affirm the judgment of the trial court; however, a considered judgment of the trial court should not be set aside without some consideration of the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 131.

■ Petitioner's first contention is that the trial court erred by not making specific findings in connection with respondent's ability to pay the arrearages. Petitioner is correct that a trial court should make definite findings or in any event make clear from the record the relevant factors it considered in rendering a decision under sections 501 through 515 of the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1981, ch. 40, pars. 501 through 515; see, *e.g., In re Marriage of Amato* (1980), 80 Ill. App. 3d 395 (*re* section 503 of the Act).)

However, reviewing courts have uniformly held that where the record is adequate to provide a basis upon which to review the propriety of the decision, and where that decision is supported by the evidence, the reviewing court will not reverse solely because special findings are lacking. (See, *e.g.*, *In re Marriage of Stallings* (1979), 75 Ill. App. 3d 96 (*re* section 503); *In re Marriage of Reyna* (1979), 78 Ill. App. 3d 1010 (*re* sections 504 and 505); *In re Marriage of Chalkley* (1981), 99 Ill. App. 3d 478, 483 n.4 (*re* section 510).) Here, respondent testified extensively as to his financial status, thereby providing this court with an adequate basis upon which to review the repayment schedule.

Petitioner's citation of *In re Custody of Harne* (1979), 77 Ill. 2d 414, is not of assistance. In *Harne*, our supreme court required explicit findings of fact in connection with a decision to modify child custody under section 610 of the Act. In so holding, the court noted a strong underlying legislative policy against modification of custody unless the trial court finds that certain explicit conditions have been established by the evidence. The same policy applies for modification of visitation under section 607 and, consequently, specific findings would be required. *In re Marriage of Solomon* (1980), 84 Ill. App. 3d 901, 906-07.

■ Here, it is true that past due installments of child support are a vested right which the trial court cannot terminate or modify as to the amount or time of payment absent a valid defense. (*In re Marriage of McDavid* (1981), 97 Ill. App. 3d 1044, 1050; *Lewis v. Staub* (1981), 95 Ill. App. 3d 243, 248.) But, in a situation such as the instant case, where petitioner waives this vested right and specifically requests the court to set up an installment schedule, there does not appear to be any legislative policy which would mandate specific findings so long as the record provides a basis upon which to review the decision.

■ Petitioner also contends that the $100 per month assessment was palpably inadequate and should be increased to at least $225 per month. As indicated above, petitioner had a vested right to the arrearages and the court could not reduce them absent a valid defense. However, under certain circumstances, such as where the parties agree to reduce payments, this vested right may be waived. (*Matzen v. Matzen* (1979), 69 Ill. App. 3d 69, 72.) Here, petitioner waived in part her vested right to enforce the manner in which arrearage payments may be collected, and made a joint request with respondent that the court determine respondent's monthly arrearage payment. Now that the court has complied with the parties' request by assessing respondent's ability to pay and has allocated a monthly payment accordingly, petitioner asserts that the monthly payment amount is inadequate and constituted an abuse of the court's discretion.

■ Respondent testified that his expenses exceeded net income by approximately $600 per month. Respondent has had to sell his 1977 Cadillac and 1940 Packard in order to meet his family's living expenses. He is paying the mortgage on both his and petitioner's home, although he may not sell her home for at least five years pursuant to the original divorce decree. Additionally, he is already paying $150 per month in child support. Based upon this evidence, the trial court required respondent to pay the arrearage at a rate of $100 per month. While the amount of the monthly installment could certainly have been higher, we cannot say that it was so unreasonable as to constitute an abuse of the trial court's discretion, and therefore we are required to affirm the trial court's order on this issue.

Petitioner also contends that respondent should have been required to pay all of her attorney fees pursuant to section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 508(b)). Further, she contends that the court's failure to make findings of fact in connection with the refusal to require said payment of fees constituted error.

Prior to January 1, 1982, section 508 of the Illinois Marriage and Dissolution of Marriage Act provided that a trial court "may" order either spouse to pay the other's attorney fees for, *inter alia*, the enforcement or modification of any order under the Act (Ill. Rev. Stat. 1979, ch. 40, par. 508(a)). On January 1, the statute was amended to except the enforcement of a child support order from the general permissive language of the section (Ill. Rev. Stat. 1981, ch. 40, par. 508(a)(2)). Additionally, a new subsection (b) was added which provides:

> "In every proceeding for the enforcement of an order or judgment for child support in which relief is granted to the parent having custody of the child *and the court finds that the failure to pay child support was without cause or justification,* the court *shall* order the party against whom the proceeding is brought to pay the custodial parent's costs and reasonable attorney's fees." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 40, par. 508(b).

In the instant case, the trial court held that the foregoing statute was applicable to the subject proceedings and that petitioner's attorney fees were reasonable. However, the court asserted that it retained discretion under the new amendment to apportion petitioner's attorney fees between the two parties and refused to make a finding as to whether respondent's failure to pay child support was without cause or justification.

■ Since the arrearages arose, and the petition was filed, prior to the effective date of this amendment, we must first determine whether

the amendment may be applied retroactively. "An amendatory act ordinarily is construed as prospective, and not as retroactive, in the absence of express language declaring it to be retroactive. [Citations.]" (*People ex rel. Saam v. Village of Green Oaks* (1965), 55 Ill. App. 2d 51, 54.) There was no clause in the amendment making it retroactive.

■■■ The amendment in question, however, does not change any vested rights of the parties but merely affects the remedy of the petitioner to secure reasonable attorney fees incurred to enforce a child support order. Where an amendment is remedial in nature, all rights of action thereunder will be enforceable under the new procedure without regard to whether they accrued before or after such change of law or whether the suit had been instituted or not, unless there is a savings clause as to existing litigation. (*Nelson v. Miller* (1957), 11 Ill. 2d 378, 382.) The amendment here contained no savings clause. Since the provisions of section 508, both before and after the amendment, were remedial in nature, the trial court correctly applied the amendment retroactively in this matter. *Winter & Hirsch, Inc. v. Passarelli* (1970), 122 Ill. App. 2d 372, 384-85; see also *People v. Myers* (1977), 44 Ill. App. 3d 860.

■■■■ Since the amendment was applicable here, it did require the court to assess petitioner's reasonable attorney fees against respondent if the court found no cause or justification for the arrearage. In construing the statute, we are mindful that a primary rule of statutory construction requires a court to ascertain the intention of the legislature and give it effect. In so doing, the language of the statute must be given its plain and ordinary meaning. (*In re Marriage of Justema* (1981), 95 Ill. App. 3d 483, 488.) The subject amendment utilizes the term "shall" in connection with the assessment of fees. The word "shall" in a statute may be defined as "must" or "may" depending upon the context and intent of the drafter. (*Village of Park Forest v. Fagan* (1976), 64 Ill. 2d 264, 268.) Generally, however, use of the words "shall" or "must" in a statute is regarded as mandatory. (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 21.) Here, in view of the manner and context in which the statute was amended, it is evident that the legislature intended a mandatory construction. The statute originally vested trial courts with discretion with regard to the assessment of attorney fees. (Ill. Rev. Stat. 1979, ch. 40, par. 508(a); see *Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 135-36.) However, the amendment specifically culled out orders dealing with the enforcement of child support arrearages and required that they "shall" be assessed in the absence of cause or justification for the lack of payment and divested the trial court of its discretion. The statute is mandatory.

In view of the mandatory nature of the statute, the trial court was required to determine whether or not respondent's failure to pay support was without cause or justification, and if so, to award petitioner the full amount of the attorney fees which the court determined to be reasonable. Although trial courts have not generally been required to enunciate specific findings of fact in connection with the assessment of fees under section 508 (*Gauger v. Gauger* (1979), 70 Ill. App. 3d 378, 384; *Smith v. Smith* (1977), 47 Ill. App. 3d 583, 587; *Rattray v. Rattray* (1976), 43 Ill. App. 3d 853, 856), the amendment clearly obligates the court to consider the cause or justification issue in the same fashion that section 510 requires the court to consider the "substantial change of circumstances" issue. Here, the trial court refused to consider the issue and make the finding because it erroneously believed that it was not required to comply with section 508(b) in ruling on the petition for attorney fees.

The trial court erred in refusing to consider this issue. It is, therefore, necessary that this matter be remanded to the trial court with directions to the trial court that it further consider the evidence already heard and determine the issue of whether the respondent's failure to pay child support was without cause or justification. If upon remand the trial court determines that the respondent's failure to pay child support was without cause or justification, it shall modify its order directing Carl Sostak to pay William J. Wylie & Associates, P.C., the sum of $250 towards Lillian Sostak's attorney fees by increasing the amount payable pursuant to said order from $250 to $665, the amount of attorney fees which the trial court has already determined to be reasonable.

As respondent has not filed a cross-appeal in this matter, and has not sought to set aside the judgment against him for attorney fees, if upon remand the trial court should find that respondent's failure to pay child support was with cause or justification, we direct that the trial court reaffirm its order directing respondent to pay attorney fees in the sum of $250. The trial court's order of April 22, 1982, is otherwise affirmed.

Affirmed as conditionally modified and remanded to the trial court for further proceedings consistent with this opinion.

NASH and LINDBERG, JJ., concur.