HARDEE'S FOOD SYSTEMS, INC., Petitioner-Appellant, v. THE HUMAN RIGHTS COMMISSION *et al.*, Respondents-Appellees.

Fifth District   No. 5—86—0202

Opinion filed April 29, 1987.

John J. Gazzoli, Jr., and Curtis C. Calloway, both of Lewis & Rice, of St. Louis, Missouri, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Thomas P. Marnell, Assistant Attorney General, of Chicago, of counsel), for appellee Illinois Human Rights Commission.

G. Richard Jones, of Carr, Korein, Kunin, Schlichter, Montroy & Brennan, of East St. Louis, for appellee Mark D. Bradford.

JUSTICE JONES delivered the opinion of the court:

This is a proceeding for judicial review of an order of the Illinois Human Rights Commission (Commission) pursuant to section 8—111(A)(3) of the Illinois Human Rights Act (Act) (Ill. Rev. Stat. 1985, ch. 68, par. 8—111(A)(3)), brought by Hardee's Food Systems, Inc. (Hardee's). However, we find that we are without authority to proceed with the review because the jurisdiction of this court to review the order of the Commission was not properly invoked.

On June 15, 1983, Mark Bradford filed a charge of race discrimination with the Illinois Department of Human Rights (Department). The charge asserted that Bradford had been discharged from his job at Hardee's because of his race. The Department filed a complaint with the Commission on April 10, 1984, asserting that Hardee's had discriminated against Bradford because of his race. A hearing was held before an administrative law judge on October 3, 1984, and on June 27, 1985, the judge issued her recommended order and decision, finding that, with respect to Bradford's discharge, he had been discrimi-

nated against because of his race. Hardee's filed exceptions to the decision and findings, and the Commission conducted a review hearing. On December 16, 1985, the Commission issued its order affirming the administrative law judge. It is this latter order that is the subject of these proceedings.

On January 17, 1986, Hardee's filed its "Complaint-Judicial Review of Administrative Decision" in the circuit court of Clinton County, Illinois, the county wherein the Hardee's restaurant involved in this case was located. On March 4, 1986, the Commission filed a motion to dismiss for lack of jurisdiction, the assertion being based upon the fact that the petition for judicial review should have been filed in the appellate court. The motion to dismiss was denied by the circuit court with the following record sheet order:

> "3-20-86 Motion for leave to file motion to dismiss is granted. Motion to Dismiss is argued. Timeliness is confessed by dft. Motion to Dismiss for lack of jurisdiction even to transfer is denied. Plaintiff's motion to transfer to the Appellate Court is sustained."

The record from the circuit court of Clinton County was filed in this court on April 3, 1986.

It is our duty to determine whether our jurisdiction for direct judicial review of an administrative order has been properly invoked even though the matter has not been raised by the parties. *In re Marriage of Lawrence* (1986), 146 Ill. App. 3d 307, 496 N.E.2d 538; *Trizzino v. Kline Brothers Co.* (1982), 106 Ill. App. 3d 230, 435 N.E.2d 958.

The pertinent facts are as follows: The Commission's final decision was handed down on December 16, 1985. Under the version of the Human Rights Act in effect at that time, proceedings brought on administrative review were to "be commenced in the circuit court in and for the county wherein the civil rights violation which is the subject of the Commission's order was committed." (Ill. Rev. Stat. 1983, ch. 68, par. 8—111(C).) Under subparagraph (A)(1) of former section 8—111, a complaint for administrative review was to be brought in accordance with the provisions of the Administrative Review Law. Under section 3—103 of the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—103), administrative review was commenced by the filing of a complaint and the issuance of summons by a party within 35 days after service of a copy of the final agency decision from which the appeal is taken. Thus, under the law in existence at the time of entry of the December 16, 1985, final decision of the Commission, the time within which to file a complaint for administrative review in the circuit court and issue summons extended to and included January 20, 1986.

On January 1, 1986, Public Act 84—717 came into effect and amended section 8—111 to provide for direct administrative review to the appellate court, thereby bypassing the circuit court. Subparagraph 8—111(A)(3) provides in pertinent part:

"Proceedings for judicial review shall be commenced in the appellate court for the district wherein the civil rights violation which is the subject of the Commission's order was committed."

Subparagraph (A)(1) of the statute as amended provides that the time for seeking administrative review is governed by the provisions of the Administrative Review Law. This court in *City of Benton Police Department v. Human Rights Com.* (1986), 147 Ill. App. 3d 7, 497 N.E.2d 876, held that the 35-day appeal period under section 3—103 of the Administrative Review Law is applicable to petitions filed in the appellate court pursuant to Supreme Court Rule 335 for direct administrative review of final decisions of the Commission.

Hardee's elected to proceed under former section 8—111 and filed its complaint for administrative review in the circuit court of Clinton County on January 17, 1986. Summons also issued on that date. On March 4, 1986, the Commission filed a motion to dismiss for lack of subject matter jurisdiction. On March 12, 1986, Hardee's filed a motion for transfer of venue to the appellate court. Thereafter, on March 20, 1986, the motion to transfer was granted with the record sheet order we have noted. To date, no petition for review pursuant to Supreme Court Rule 335 has been filed with this court.

A preliminary issue concerns whether amended section 8—111 is prospective or retrospective in application. If it is prospective only, then the trial court improperly transferred venue to this court and the appeal should be dismissed and the cause remanded to the trial court for further proceedings. On the other hand, if amended section 8—111 may be applied retroactively to this pending litigation, then the complaint for administrative review was indeed filed in the wrong court and this court would be required to consider the resulting jurisdictional consequences of that act.

■ ■ ■ Generally, and in the absence of an express provision to the contrary, statutory enactments or amendments are given prospective effect. (*Village of Wilsonville v. SCA Services, Inc.* (1981), 86 Ill. 2d 1, 426 N.E.2d 824.) An exception applies, however, to statutes and amendments enacted in the areas of procedures and remedies. (*Songer v. State Farm Fire & Casualty Co.* (1980), 91 Ill. App. 3d 248, 414 N.E.2d 768, *appeal after remand* (1982), 106 Ill. App. 3d 141, 435 N.E.2d 948.) In the absence of a savings clause, an amendatory act may be retroactively applied without regard to whether the right of

action accrued prior to the change of law where the legislature expressly intended or where the amendment is procedural or remedial in scope. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 415 N.E.2d 1034; *Sostak v. Sostak* (1983), 113 Ill. App. 3d 954, 447 N.E.2d 1345.) Nevertheless, retroactive application of a procedural or remedial statutory amendment will not occur where to do so would impair a vested right. *Boyd v. Madison Mutual Insurance Co.* (1986), 146 Ill. App. 3d 420, 496 N.E.2d 555 (*affirmed* (1987), 116 Ill. 2d 305); *Board of Managers v. Chase Manhattan Bank* (1983), 116 Ill. App. 3d 690, 452 N.E.2d 382; *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 415 N.E.2d 1034.

■ In the case *sub judice*, section 8—111 of the Human Rights Act was amended to permit direct administrative review in the appellate court. This change is merely procedural in scope, affecting the court in which administrative review is to take place, and does not impair or affect any rights and liabilities set forth under the Act. Moreover, the amendment contains no savings clause with respect to proceedings pending before the Commission at the time the amendment takes effect. Under the analysis discussed above, the amendment must be given retroactive effect, as no one has a vested right to any particular form of procedure. (*Songer v. State Farm Fire & Casualty Co.* (1980), 91 Ill. App. 3d 248, 414 N.E.2d 768.) On the January 1, 1986, effective date, Hardee's still had 19 days within which to file its petition for review in the appellate court pursuant to section 8—111(A)(3) and Supreme Court Rule 335. Given the 35-day framework within which to perfect administrative review, 19 days provided it ample time to secure this court's jurisdiction. This retroactive application presents no due process obstacle. In *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, the supreme court retroactively applied an amendment to section 21.1 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22.1) limiting the repose period for medical malpractice actions from five years to four years. Even under the shortened period, the court held that plaintiffs had a reasonable period of time of eight months within which to bring their claim. They failed to do so and the court held that the action was properly dismissed, even though the right of action accrued when the statute provided a five-year repose period and the action was timely with respect to that period. In *Burgdorff v. Siqueira* (1982), 109 Ill. App. 3d 493, 440 N.E.2d 920, the court applied amended section 21.1 retroactively where plaintiffs had over nine months to file their medical malpractice action. Proportionally, 19 days in which to file a petition for review in the appellate court is no less reasonable a period of time than eight months in which to file

a claim of medical malpractice.

Language contained in section 2—104 of the Civil Practice Law specifying that "no action shall abate or be dismissed because commenced in the wrong venue if there is a proper venue to which the cause may be transferred" seems to suggest that dismissal is not appropriate as another proper venue exists, namely the Fifth District Appellate Court. Such reasoning suggests that where improper venue occurs, the only remedy is to transfer the cause to a court of proper venue rather than dismissal and that this court serves as a court of proper jurisdiction and venue pursuant to section 8—111. Such reasoning finds support in *Ferndale Heights Utility Co. v. Illinois Commerce Com.* (1982), 112 Ill. App. 3d 175, 445 N.E.2d 334. In *Ferndale Heights*, the Ferndale Heights Utility Company (Ferndale), certified to serve only areas in Cook County, filed a complaint for administrative review from a final order of the Illinois Commerce Commission directing Ferndale to follow its tariffs in providing reimbursement for the construction of certain facilities used to provide water. Ferndale filed its complaint in the circuit court of Sangamon County. That court then transferred the cause to Cook County pursuant to section 68 of the Public Utilities Act (Ill. Rev. Stat. 1979, ch. 111²/₃, par. 72), which enabled a party to appeal a final decision of the Commission within 30 days after service. The order further provided that the appeal should be taken to the circuit court of the county in which the subject matter of the hearing is located. The transfer occurred more than 30 days after service of the order. The circuit court of Cook County regarded the transfer as a venue matter, concluded it had jurisdiction over the subject matter and affirmed the order of the Commission. Ferndale appealed the circuit court's judgment and the Commission cross-appealed contending that the circuit court of Cook County was without jurisdiction to consider the case which was improperly transferred by the circuit court of Sangamon County. The appellate court initially found the requirement that the appeal be taken in the circuit court of the county in which the subject matter is located to be a jurisdictional requirement. Because of Ferndale's certification to provide service in Cook County only and the location of the water facilities in that county, the appellate court found that Sangamon County was without subject matter jurisdiction. It did hold, however, that the circuit court of Sangamon County, in the exercise of its general jurisdiction, had authority to transfer the case to Cook County. It further held that the complaint filed in Sangamon County commenced the action for purposes of administrative review even though that court was without subject matter jurisdiction to decide the case.

■ However, we do not believe the *Ferndale Heights Utility Co.* case is applicable in the situation before us. We are mindful that in judicial proceedings venue is proper under section 2—101 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—101) in any county of residence of a defendant or the county in which the transaction occurred. Section 2—104(a) of that act specifies that the cause of action shall not abate or be dismissed because it was commenced in the wrong venue if there is a proper venue to which it may be transferred. Section 2—106 of that act prescribes the procedures for accomplishing a transfer of venue. Nevertheless, because the venue statutes differentiate with respect to counties of proper venue, the venue statutes contemplate only horizontal transfers of venue from one circuit court to another and not vertical transfers from a circuit court to an appellate or supreme court. Supreme court rules governing civil appeals do not provide for the transfer of a cause from the circuit court to the appellate court. Venue contemplated under section 3—104 of the Administrative Review Law is mandated either by a particular statute under authority of which the administrative decision was made or, in the absence of such a statute, pursuant to a three-part test prescribed in the rule used to determine which circuit court operates as proper venue. Accordingly, the transfer in the instant case by the circuit court to this court was improper as such a transfer is not sanctioned under the Civil Practice Law, supreme court rules or the Administrative Review Law.

■ We also are of the opinion that the transfer by the circuit court was invalid because it lacked subject matter jurisdiction to take any action with respect to direct administrative review in the appellate court, including any authority to transfer this cause to the appellate court. Amended section 8—111(A)(3), vests the appellate court with subject matter jurisdiction for direct administrative review of final decisions of the Commission as well as establishing venue among the five appellate districts. The legislature's creation of subject matter jurisdiction in the appellate court for purposes of administrative review deprived the circuit court of subject matter jurisdiction with respect to final decisions of the Commission. As the circuit court was without subject matter jurisdiction at the time the complaint was filed, it therefore lacked the authority to transfer the complaint erroneously brought before it to the appellate court.

With the amendment of section 8—111 comes the requirement that a petitioner seeking administrative review must follow the procedures set forth under Supreme Court Rule 335 governing direct administrative review to the appellate court. Paragraph (a) of the Rule provides that the petition for review shall be filed in the appellate court. In *Con-*

*sumers Gas Co. v. Illinois Commerce Com.* (1986), 144 Ill. App. 3d 229, 493 N.E.2d 1148, this court held unconstitutional section 10—201 of the Public Utilities Act (Ill. Rev. Stat. 1985, ch. 111²/₃, par. 10—201) to the extent that its procedures for perfecting direct administrative review to the appellate court conflicted with the procedures contained in Supreme Court Rule 335. Therefore, the timely filing of a petition for review as set forth under paragraph (a) of the rule is a jurisdictional requisite to direct administrative review. The time for filing the petition for administrative review is not, however, controlled by Supreme Court Rule 303(a) and limited to 30 days. Although subparagraph (h)(1) of Supreme Court Rule 335, provides that "[i]nsofar as appropriate, the provisions of Rule 301 through 373 *** are applicable to proceedings under this Rule" this court expressly held in *City of Benton Police Department v. Illinois Human Rights Com.*, that the 35-day appeal period set forth under section 3—103 of the Civil Practice Law, and made applicable to decisions of the Human Rights Commission by amended section 8—111(A)(1), controls and not Rule 303(a).

■ In conclusion, to follow *Ferndale Heights* and hold (1) that administrative review commenced on January 17, 1986, when a complaint for administrative review was filed in the circuit court of Clinton County at a time when that court was without jurisdiction to consider the merits of the complaint, (2) that the trial court in the exercise of its general jurisdiction properly transferred the case to this court, and (3) that this court therefore has jurisdiction over the appeal even though the jurisdictional requisites under Supreme Court Rule 335(a) of filing a timely petition for rehearing in the reviewing court have not been satisfied, would run counter to this court's holdings in *City of Benton Police Department* and *Consumers Gas Co.* and the applicable statutes and rules. *Ferndale Heights* is distinguished because it did not involve direct administrative review to the appellate court and did not consider what effect, if any, must be given to the failure to file a timely petition for review under Supreme Court Rule 335.

For the foregoing reasons, the petition for judicial review of the administrative order is dismissed.

Petition dismissed.

KARNS, P.J., and KASSERMAN, J., concur.