173 Ill. App.3d 862 (1988)
527 N.E.2d 961
In re CHARLES F. SCHAEFER (Charles F. Schaefer, Petitioner,
v.
The Human Rights Commission et al., Respondents).
Nos. 87-3083, 87-3409 cons.
Illinois Appellate Court  First District (3rd Division).
Opinion filed August 3, 1988.
Rehearing denied September 16, 1988.
*863 Thomas R. McMillen, of Bell, Boyd & Lloyd, of Chicago, for petitioner.
Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Karen Michels Caille, Assistant Attorney General, of Chicago, of counsel), for respondent Human Rights Commission.
Holleb & Coff, of Chicago (Michael Hayes, Norman B. Berger, and Kevin M. Robinson, of counsel), for respondent Transportation Media, Inc.
Appeal dismissed in 87-3083; order affirmed in 87-3409.
JUSTICE McNAMARA delivered the opinion of the court:
After the Human Rights Commission (Commission) dismissed petitioner Charles F. Schaefer's age discrimination suit as untimely, petitioner filed suit in the circuit court of Cook County. The trial court found it had no jurisdiction, but transferred the case to this court, where respondents, the Commission, Transportation Media, Inc., and James V. Riley, have moved to dismiss the appeal for lack of jurisdiction.
In a second case, petitioner appealed directly to this court from the Commission's refusal to amend its original decision. The two appeals *864 were consolidated before this court.
In the first case (87-3083), on May 5, 1986, petitioner filed an age discrimination charge against Transportation Media, which had been petitioner's employer prior to his resignation in January 1986. Petitioner asked that respondents be estopped from relying on the 180-day filing limitation in the Illinois Human Rights Act (Act) (Ill. Rev. Stat. 1985, ch. 68, par. 1-101 et seq.) because petitioner was unaware of his rights when he filed under the Act. Petitioner maintained that Transportation Media was responsible for not informing him of his rights. On November 17, 1986, the Illinois Department of Human Rights dismissed the claim after finding that Transportation Media was not an "employer" under the Act and finding that the claim was untimely because it was not filed within the 180-day limitation period after the alleged discriminatory act occurred.
On April 6, 1987, the Commission upheld the Department's dismissal, finding the charge was untimely filed and that no estoppel applied where petitioner offered no evidence that the employer led him to believe, either by omission or commission, that he had more than 180 days in which to file the charge.
On May 5, 1987, petitioner filed a complaint in the circuit court of Cook County seeking administrative review of the April 6, 1987, Commission order. On June 12, 1987, respondents moved for dismissal of that complaint on the basis that the court lacked jurisdiction because, under the Human Rights Act, exclusive jurisdiction lies in the appellate court. (Ill. Rev. Stat. 1985, ch. 68, par. 8-111(A)(3).) The motion to dismiss was pending in the trial court when petitioner filed a new motion with the Commission.
In the second matter (87-3409), on July 27, 1987, petitioner asked the Commission to modify the April 6, 1987, decision. Petitioner sought to add James V. Riley's name to the caption and to offer additional evidence of the employer's duty to notify employees of the 180-day filing limitation.
Meanwhile, in No. 87-3083, on October 1, 1987, the trial court denied respondents' motion to dismiss. The court expressly found it lacked jurisdiction, but transferred the case to this court.
In No. 87-3409, on November 5, 1987, the Commission denied petitioner's motion to amend its April 6 order. The Commission stated that the addition of Riley's name was inconsequential. It found further that it would not reverse its earlier finding that respondents were not estopped from asserting the 180-day limitation as a basis for dismissal. On November 9, 1987, petitioner filed a second petition for administrative review directly to this court, seeking a review of the *865 Commission's November 3, 1987, order.
As to the No. 87-3083 appeal, petitioner argues that the trial court had jurisdiction to transfer the cause to this court.
 1 Section 8-111(A)(3) of the Human Rights Act provides that proceedings for judicial review shall be commenced in the appellate court. (Ill. Rev. Stat. 1985, ch. 68, par. 8-111(A)(3).) The appeal must be filed within 35 days. (Ill. Rev. Stat. 1985, ch. 110, par. 3-103.) Furthermore, "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." Ill. Rev. Stat. 1985, ch. 68, par. 8-111(C).
Notably, in its April 6, 1987, order, the Commission expressly stated that petitioner must file for administrative review in the appellate court within 30 or 35 days. Petitioner filed his petition for review in the wrong court. The trial court transferred the case to this court after finding it had no jurisdiction.
 2 As we have noted, the Act provides for direct administrative review to the appellate court. The transfer here was invalid. The trial court lacked subject matter jurisdiction to take any action with respect to final decisions of the Commission. Because the circuit court was without subject matter jurisdiction at the time the complaint was filed, the court lacked the authority to transfer the matter to this court. Hardee's Food Systems, Inc. v. Human Rights Comm'n (1987), 155 Ill. App.3d 173, 507 N.E.2d 1300.
 3 Petitioner filed in this court 147 days after the 35-day limit ran. As a result, we have no jurisdiction to hear the appeal in No. 87-3083. Petitioner argues that his erroneous filing for review in the trial court tolled the 35-day limitation. Petitioner thus fails to recognize the fundamental distinction between jurisdictional limitations and statutes of limitations. Statutes of limitations are procedural in nature and do not alter substantive rights. In contrast, statutes in which time is made an inherent element of the right are a condition of liability itself and go to the existence of the right itself. Fredman Brothers Furniture Co. v. Department of Revenue (1985), 109 Ill.2d 202, 486 N.E.2d 893.
 4 The 35-day filing requirement at issue here has been held jurisdictional numerous times. (See, e.g., Hardee's Food Systems, Inc. v. Human Rights Comm'n (1987), 155 Ill. App.3d 173, 507 N.E.2d 1300; People ex rel. Olin Corp. v. Department of Labor (1981), 95 Ill. App.3d 1108, 420 N.E.2d 1043; Hoffman v. Department of Registration & Education (1980), 87 Ill. App.3d 920, 410 N.E.2d 291.) Thus, the doctrine of estoppel will not be applied here. See also Burlington Northern *866 Inc. v. Northwestern Steel & Wire Co. (7th Cir.1986), 794 F.2d 1242.
Petitioner's reliance on Ferndale Heights Utility Co. v. Illinois Commerce Comm'n (1982), 112 Ill. App.3d 175, 445 N.E.2d 335, is misplaced. Ferndale applied to horizontal transfers from one circuit court to another so as to transfer to a proper venue. This case, however, involves a vertical transfer from the circuit court to the appellate court. See Hardee's Food Systems, Inc. v. Human Rights Comm'n (1987), 155 Ill. App.3d 173, 507 N.E.2d 1300.
We conclude that the trial court erred in transferring this matter to the appellate court, and thus its transfer is void for want of jurisdiction. Consequently, we grant respondents' motion to dismiss appeal number No. 87-3083, which challenged the original April 6, 1987, order dismissing the age discrimination complaint for untimely filing.
In No. 87-3409, petitioner filed a motion to amend the Commission's original April 6, 1987, order, adding a respondent and alleging that petitioner had become aware of certain provisions in the employer's contract with the city which would support his claim that respondents were estopped from relying on the 180-day time limitation.
 5 The Commission properly denied the motion to amend on the basis that petitioner failed to seek rehearing within 30 days after service of the original order. Moreover, petitioner's motion was based on the same facts and arguments which were addressed in the original age discrimination case. The crux of each complaint rested on the employer's duty to post notice of the 180-day filing requirement.
For the foregoing reasons, the appeal in case No. 87-3083 is dismissed. The decision of the Human Rights Commission in case No. 87-3409, denying the motion to amend, is affirmed.
Appeal in cause No. 87-3083 dismissed; order in cause No. 87-3409 affirmed.
RIZZI and FREEMAN, JJ., concur.