NANCY BENBENEK, Indiv. and as Parent Guardian and Next Friend of Nancy Benbenek, Minor, Plaintiff-Appellant, v. CHICAGO PARK DISTRICT et al., Defendants-Appellees.

First District (3rd Division)  No. 1—93—4372

Opinion filed May 1, 1996.

Margaret Therese Kinnally, of Chicago, for appellant.

Donald J. Suriano, of Chicago, for appellees.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Nancy Benbenek, individually and as parent guardian and next friend of Nancy Benbenek, a minor, filed this action in the circuit court of Cook County against defendants, the Chicago Park District and Mike Dalpino, seeking damages for injuries sustained by the minor after a fall from a balance beam in a gym show sponsored by the park district. Count I of plaintiff's amended complaint sought damages from defendants for willful and wanton conduct in failing to provide adequate supervision at the gym show. Defendants moved to dismiss count I of the plaintiff's amended complaint pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, pars. 2—615, 2—619 (now 735 ILCS 5/2—615, 2—619 (West 1994))). The circuit court granted defendants' motion and dismissed count I with prejudice. Following a bench trial based on count II of the amended complaint, the trial court entered a judgment for defendants which is not at issue in this appeal. Rather, it is from the dismissal of count I that plaintiff appeals to this court pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301).

For the following reasons, we affirm.

## ISSUES PRESENTED FOR REVIEW

The sole issue presented for review is whether the trial court erred in dismissing plaintiff's amended complaint for failure to state a cause of action.

## OPINION

In reviewing an order on a motion to dismiss, we apply a *de novo* standard of review. *Dace International, Inc. v. Apple Computer, Inc.*, 275 Ill. App. 3d 234, 237 (1995); see also *Toombs v. City of Champaign*, 245 Ill. App. 3d 580, 583 (1993). The issue presented in the case at bar involves the statutory interpretation of section 3—108 of the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter the Act) (745 ILCS 10/3—101 *et seq.* (West 1994)). Interpretation of a statute is a question of law (*Branson v. Department of Revenue*, 168 Ill. 2d 247, 254 (1995)), the determination of which lies exclusively with the court (*Federal Insurance Co. v. St. Paul Fire & Marine Insurance Co.*, 271 Ill. App. 3d 1117, 1122 (1995)).

Plaintiff argues that count I of her amended complaint states a valid cause of action under the Act and, therefore, should not have been dismissed by the circuit court. Specifically, plaintiff alleges that (1) section 3—108 of the Act does not shield a public entity from liability where there is willful and wanton conduct; and (2) in failing to provide properly trained spotters, properly trained instructors, a balance beam adjusted at a safe height for a child of plaintiff's age, and adequate floor padding at the gym show, defendants acted in a willful and wanton manner and should, thus, be held liable for plaintiff's injuries. We disagree.

■ When reviewing a proffered interpretation of a statute, a court should first consider the statutory language itself as the best evidence of the drafters' intent. Where the language of an act is certain and unambiguous, a court should enforce the law as enacted by the legislature. *Certain Taxpayers v. Sheahen*, 45 Ill. 2d 75, 84 (1970). "It is never proper for a court to depart from plain language by reading into a statute exceptions, limitations or conditions which conflict with the clearly expressed legislative intent." *Certain Taxpayers*, 45 Ill. 2d at 84.

■ Section 3—108(a) of the Act provides in pertinent part that "neither a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property." 745 ILCS 10/3—108(a) (West 1994). Contrary to plaintiff's assertions, the plain language of the statute does not provide an exception where a public entity or a public employee acts in a willful and wanton manner.

Although no limiting exception was drafted into section 3—108(a), the General Assembly did include such limiting language in other provisions of the Act. See, *e.g.*, 745 ILCS 10/3—106, 3—109 (West 1994). In fact, sections 3—106 and 3—109 specifically state exceptions where willful and wanton conduct is involved. Clearly, if the General Assembly wished to limit the immunity provided under section 3—108(a) to situations where there was no willful or wanton conduct, it could have simply included such language as it did in sections 3—106 and 3—109. However, it did not. The use of certain language in one instance and different language in another indicates that different meanings and results were intended. *Nelson v. Union Wire Rope Corp.*, 31 Ill. 2d 69, 100 (1964). If the General Assembly intended the words "[n]either *** is liable for an injury" to encompass an exception for situations involving willful and wanton conduct, it would not have included *express* limitations for willful and wanton conduct in other sections of the Act.

Furthermore, the Illinois Supreme Court followed a similar line of reasoning in *West v. Kirkham*, 147 Ill. 2d 1 (1992). That case involved the statutory language of section 3—104 of the Act, which states in pertinent part that a municipality is "[not] liable under this Act for an injury caused by the failure to initially provide regulatory traffic control devices". 745 ILCS 10/3—104 (West 1994). The plaintiff argued that section 3—104 did not grant immunity where the municipality had notice of the existence of a dangerous condition. The *West* court stated that the language of the statute was unconditional and made no reference to notice or any other type of limitation. *West*, 147 Ill. 2d at 7. Moreover, the supreme court noted that, because other provisions within the Act expressly include such notice limitations, obviously the legislature intended to grant *absolute* immunity under section 3—104. *West*, 147 Ill. 2d at 7-8.

Similarly, in the case *sub judice*, section 3—108(a) contains no limitation for willful and wanton conduct, whereas other sections of the Act do include such a limitation. Therefore, section 3—108(a) unequivocally grants absolute immunity to public entities and their employees from liability resulting from a failure to supervise. Thus, we find that because the park district is immune from all liability arising from the alleged failure to supervise, count I of plaintiff's amended complaint was properly dismissed for failure to state a cause of action. Because section 3—108 of the Act grants absolute immunity, we need not consider whether defendants' acts and omissions rose to the level of willful and wanton conduct.

934

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI, P.J., and GREIMAN, J., concur.