No. 3--96--0734

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1997

JAMES ARMSTRONG, ) Appeal from the Circuit Court

) for the 13th Judicial Circuit,

Plaintiff-Appellant, ) La Salle County, Illinois 

)

v. )

) No. 95--MR--22

ODIE WASHINGTON, DIRECTOR )

ILLINOIS DEPARTMENT OF )

CORRECTIONS and THOMAS P. )

ROTH, ) Honorable

) Robert L. Carter

Defendants-Appellees. ) Judge, Presiding

_________________________________________________________________

JUSTICE BRESLIN delivered the opinion of the court:

_________________________________________________________________

Plaintiff James Armstrong, a prisoner in the custody of the Illinois Department of Corrections (IDOC), filed a petition for mandamus against defendants Odie Washington, the Director of the Illinois Department of Corrections, and Thomas Roth, the Warden of the Sheridan Correctional Center.  On appeal, James contends that the defendants unlawfully revoked good conduct credits from consecutive sentences that he had not yet begun to serve.  James' petition sought an order declaring that the revocations were improper and requiring IDOC to refrain from revoking good conduct credits from those sentences which he had not yet started to serve.  The trial court granted the defendants' motion for summary judgment and James appeals.  We hold that IDOC was authorized to revoke James' good conduct credits because section 5--8--4(e) of the Unified Code of Corrections, 730 ILCS 5/5--8--4(e) (West 1994), specifically requires IDOC to treat offenders who have been sentenced to consecutive terms of imprisonment as though they had been sentenced to a single term for purposes of good conduct credit.  Thus, we affirm.

FACTS

In 1984, James was sentenced to an eight year term of imprisonment, which was to run until December 1991.  During the first four years of this term, the prison review board found that James had committed several acts of misconduct.  In response to this misconduct, the prison review board revoked all four years of James' potential good conduct credit.

In November 1989, James was sentenced to a 12 year term of imprisonment, which was to run consecutively to the term he was then serving.  In 1990, the prison review board again found that James had committed acts of misconduct.  As a result, the prison review board revoked all six years of James good conduct credit.

In March 1991, James was sentenced to an additional two year term of imprisonment.  Once again, the prison review board revoked good conduct credit based on acts of misconduct he committed in April 1991.  This time, the prison review board revoked 270 days of good conduct credit.  Also in April 1991, James was sentenced to five more years of imprisonment.  As a result of acts of misconduct committed in June 1991, the prison review board revoked 960 more days of his good conduct credit.

In December 1991, James was sentenced to two additional years of imprisonment.  Based on its finding that James committed additional acts of misconduct after that sentence was imposed, the prison review board revoked 13 more months of good conduct credit.

In February 1995, James filed the instant petition for a writ of mandamus.  In the petition, James alleged that IDOC lacked authority to revoke good conduct credit from his consecutive sentences prior to the date those sentences were imposed.  James further alleged that after all of the good conduct credit associated with his initial term had been revoked, IDOC improperly revoked the good conduct credit associated with subsequent terms of imprisonment before he began to actually serve those terms.  After a hearing, the trial court granted the defendants' motion for summary judgment, and James appeals.

ANALYSIS

Summary judgment should only be granted when the pleadings, depositions, admissions and affidavits on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2--1005(c) (West 1994); 
Thompson v. Green Garden Mutual Insurance Co.
, 261 Ill. App. 3d 286, 633 N.E.2d 1327 (1994).  This court's review of an order granting summary judgment is 
de
 
novo
. 
Johnson v. Owens-Corning Fiberglass Corp.
, 284 Ill. App. 3d 669, 672 N.E.2d 885 (1996). 

Section 5--8--4(e) of the Unified Code of Corrections provides:

"In determining the manner in which consecutive sentences of imprisonment *** will be served, the Department of Corrections shall treat the offender as though he had been committed for a single term with the following incidents:

* * *

(4) the offender shall be awarded credit against the aggregate maximum term and the aggregate minimum term of imprisonment for all time served in an institution ***." 730 ILCS 5/5--8--4(e) (West 1994).

Although this statutory provision does not operate to transform consecutive sentences into one sentence, it does direct IDOC to treat consecutive sentences as though they were a single term for the limited purpose of parole eligibility and good time credit. 
People v. Cunitz
, 59 Ill. App. 3d 701, 375 N.E.2d 1020 (1978).

As we understand James' brief, it appears that he may be raising two distinct issues on appeal.  Apparently, James claims that IDOC improperly revoked good conduct credit that was associated with sentences that had not yet been imposed.  In other words, at the time James was sentenced to the additional consecutive terms of imprisonment, he was denied the full amount of good conduct credit to which he was entitled because it had been previously revoked.  The record does not support this claim.

During the first four years of James' original eight year term, the prison review board revoked the entire four years of good conduct credit.  After James was sentenced to his second term of 12 years, the prison review board revoked all of the good conduct credit associated with that sentence.  Then, one month after James was sentenced to a two year term of imprisonment, the prison review board revoked 270 days of good conduct credit, leaving James with approximately 95 days of credit.  After James was sentenced to a five year term in April 1991, the prison review board revoked 960 days of good conduct credit.  Finally, after James was sentenced to two more years of imprisonment in December 1991, the prison review board revoked another 13 months of good conduct credit.  Accordingly, a careful review of the record reveals that IDOC never revoked more than the total remaining amount of good conduct credit applicable to the terms of imprisonment to which James had already been sentenced.

Although IDOC did not revoke the good conduct credit associated with any of James' sentences until after those sentences had been imposed, it did revoke most of the good conduct credit associated with James' subsequent terms of imprisonment before the expiration of James' original eight year term.  James argues that IDOC lacked authority to revoke the good conduct credit associated with any term of imprisonment that he had not yet begun to serve.  We disagree.

Section 5--8--4(e) of the Unified Code of Corrections clearly requires IDOC to treat consecutive sentences as though they were a single term for purposes of good conduct credit. 730 ILCS 5/5--8--4(e) (West 1994); 
People v. Cunitz
, 59 Ill. App. 3d 701, 375 N.E.2d 1020 (1978).  Accordingly, as James' subsequent terms of imprisonment were imposed, IDOC could revoke the good conduct credit associated with those terms even though this action was taken during the first eight years of James' imprisonment.

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

LYTTON, P. J., and SLATER, J., concur.