VaDONNA DAVIS, Plaintiff-Appellant, v. HAAS AND HAAS, INC., *et al.*, Defendants-Appellees.

Third District    No. 2—97—0735

Opinion filed April 21, 1998.—Rehearing denied June 3, 1998.

370

HOMER, J., specially concurring in part and dissenting in part.

Michael K. Havrilesko and David N. Rechenberg (argued), both of Havrilesko & Associates, of Rockford, for appellant.

Timothy B. Zollinger (argued), of Ward, Murray, Pace & Johnson, P.C., of Sterling, for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

This case arises out of an action to enforce a Human Rights Commission (Commission) order. The central question on appeal is whether a trial court has jurisdiction to determine the validity of a Commission decision when the order was entered on a charge of marital status discrimination based on the identity of one's spouse. Plaintiff VaDonna Davis (Davis) contends that the trial court erroneously reviewed the validity of the underlying order. For the following reasons, we disagree and affirm.

## BACKGROUND

Roy Davis and VaDonna Davis were husband and wife. In 1983 both became employed by Haas and Haas, Inc., a manufacturer of fiberglass products. In October of 1989 Haas & Haas terminated Roy Davis. Within a year, it dismissed VaDonna also. She filed a charge of marital discrimination with the Illinois Department of Human Rights.

In January 1995, Fred Haas, acting on behalf of Haas & Haas, sold all the corporate assets and liabilities of the company to Diversified Composite Corporation (Diversified). Six months later, the Commission entered an order against Haas & Haas, finding that it committed a civil rights violation against VaDonna Davis because it terminated her solely based on the identity of her spouse, Roy. The Commission awarded Davis damages, injunctive relief by way of reinstatement, and fees and costs.

Within a year, Davis filed a complaint in the circuit court for the enforcement of the Commission's order against Haas & Haas, and Fred Haas and Diversified as its officers, servants, agents, successors and assigns. Diversified settled the claim with Davis. Fred Haas and Haas & Haas declined to settle and instead filed motions to dismiss the complaint. Fred Haas argued that he was not a named party to the Commission case and thus was not ordered to compensate Davis. The court agreed and granted his motion in an individual capacity. But the order was entered without prejudice to any right Davis had to seek deliverance of corporate assets. The court denied Haas & Haas's motion. Thereafter, Haas & Haas filed a motion for summary judgment, claiming that the Commission's order was an invalid order and could not be enforced based on *Boaden v. Department of Law*

*Enforcement*, 171 Ill. 2d 230, 664 N.E.2d 61 (1996). Relying on *Boaden*, the court entered summary judgment on behalf of Haas & Haas, and Davis appeals.

## DISCUSSION

First we are asked to determine whether the trial court erred in granting Fred Haas's motion to dismiss because he was not a party to the underlying case.

■ The relevant portion of the Human Rights Act (Act) provides:
"When the Commission, at the instance of the Department or an aggrieved party, concludes that any person has violated a valid order of the Commission issued pursuant to this Act, *** the Commission *** shall order the Department to commence an action in the name of the People of the State of Illinois by complaint, alleging the violation *** and praying for the issuance of an order *directing such person, his or her or its officers, agents, servants, successors and assigns to comply with the order of the Commission.*" (Emphasis added.) 775 ILCS 5/8—111(B)(1) (West 1996).

■ A corporation is a legal entity that exists separate and distinct from its shareholders, directors and officers. *Fentress v. Triple Mining, Inc.*, 261 Ill. App. 3d 930, 635 N.E.2d 102 (1994). Accordingly, shareholders, directors and officers are generally not liable for a corporation's obligations. *Jacobson v. Buffalo Rock Shooters Supply, Inc.*, 278 Ill. App. 3d 1084, 664 N.E.2d 328 (1996). On appeal from an order dismissing a complaint, this court applies the *de novo* standard of review. *Benbenek v. Chicago Park District*, 279 Ill. App. 3d 930, 665 N.E.2d 500 (1996).

■ Neither party disputes that Fred Haas was an officer and agent of Haas & Haas. Under the Act, he could be ordered to fulfill the Commission order. But Fred Haas cannot be held personally liable for the judgment entered against Haas & Haas. See *Jacobson*, 278 Ill. App. 3d at 1088 (absent evidence of fraud or wrongdoing, an officer of a corporation is not personally liable for its obligations). Accordingly, the trial court properly dismissed him in an individual capacity.

Turning to the primary issue, Did the court err in awarding Haas & Haas summary judgment based on its conclusion that the Commission order was invalid?

■ Summary judgment should be awarded when the pleadings, depositions, admissions and affidavits on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1105(c) (West 1996); *Johnson v. Owens-Corning Fiberglass Corp.*, 284 Ill. App. 3d 669, 672 N.E.2d 885 (1996). An order granting summary judgment is reviewed

*de novo. Armstrong v. Washington*, 289 Ill. App. 3d 306, 682 N.E.2d 761 (1997).

■ An erroneous decree is one in which the court entered an order as a result of a mistake in judgment or an incorrect decision based upon the facts or law. *Ward v. Sampson*, 395 Ill. 353, 70 N.E.2d 324 (1946). An erroneous order is immune from collateral attack once the time for judicial review has lapsed. *Ward*, 395 Ill. at 363.

By contrast, a void decree is one entered by a court that lacked subject matter jurisdiction and may be collaterally attacked at any time after judgment is entered. *In re Estate of Wallen*, 262 Ill. App. 3d 61, 633 N.E.2d 1350 (1994). Subject matter jurisdiction is the power a court possesses to adjudicate a case and grant the relief requested. *In re Estate of Steinfeld*, 158 Ill. 2d 1, 630 N.E.2d 801 (1994). A court without such jurisdiction has no authority to act, and any action taken beyond this power is void. *In re M.M.*, 156 Ill. 2d 53, 619 N.E.2d 702 (1993). This fundamental principle is equally applicable to administrative agencies. *Robinson v. Human Rights Comm'n*, 201 Ill. App. 3d 722, 559 N.E.2d 229 (1990). An agency obtains its power to act from the legislation creating it and has no power to act beyond the confines of its legislative authority. *Abatron, Inc. v. Department of Labor*, 162 Ill. App. 3d 697, 515 N.E.2d 1336 (1987). Absent express statutory authority, it has no common law powers to preside over a case. *County of Whiteside v. Property Tax Appeal Board*, 276 Ill. App. 3d 182, 188, 658 N.E.2d 481, 486 (1995).

Davis insists that Haas & Haas's motion for summary judgment was based upon a mistake or error in judgment by the Commission and can only be raised within the statutory period for review. But Haas & Haas contends that because *Boaden v. Department of Law Enforcement*, 171 Ill. 2d 230, 664 N.E.2d 61 (1996), abolishes a claim of marital status discrimination based on the identity of the employee's spouse, the Commission did not have jurisdiction over Davis's cause of action and the order is void.

■ In *Boaden*, 171 Ill. 2d at 238, 664 N.E.2d at 65, the court held that the Act does not extend to marital status discrimination actions based on the identity of an employee's spouse. In reaching this holding, the court analyzed the definition of marital discrimination under the Act and interpreted it to include only those charges of marital discrimination based on an individual's legal status, *i.e.*, married, single, divorced. *Boaden*, 171 Ill. 2d at 238, 664 N.E.2d at 65.

Here, the Commission expressly determined that Davis was discharged because of the identity of her spouse. Applying the holding in *Boaden*, it lacked subject matter jurisdiction to render a decision based on such a charge. Accordingly, the Commission's order

exceeded the scope of its statutory authority and the order was void as a matter of law. Therefore, the order is subject to collateral attack and summary judgment was appropriate.

The supreme court recently reiterated the legal distinction between a void versus a voidable order in *In re. Marriage of Mitchell*, 181 Ill. 2d 169 (1998). In that case, the court acknowledged that a judgment may be attacked collaterally as void when there exists a total want of jurisdiction by the court. However, it emphasized that a voidable judgment is a judgment entered erroneously by a court that did have jurisdiction and is subject only to direct attack. *Mitchell*, 181 Ill. 2d at 174. Because the trial court had jurisdiction over the parties' dissolution proceeding, the court held that the child support determination in a percentage amount was merely erroneous and thus voidable, not void. *Mitchell*, 181 Ill. 2d at 174.

By contrast, the Commission in this case never possessed jurisdiction over the subject matter of the charge in question. Consequently, the Commission's order is void.

But Davis argues that even if *Boaden* abolishes the Commission's authority to determine charges involving marital discrimination due to the identity of a spouse, it does not apply retroactively to the case at hand. We disagree.

■ A decision in a civil case will be applied prospectively only if: (1) the decision establishes a new rule of law by either overruling past precedent or deciding an issue of first impression; (2) retroactive operation will hamper its operation; or (3) there is injustice or hardship in holding the decision retroactive.

■ The decision reached in *Boaden* did not create new law, it merely considered the intent of the legislature when it created the Act and interpreted the Act as it previously existed. *Boaden* pronounced that the jurisdiction of the Commission does not encompass charges involving marital status discrimination based on the identity of one's spouse. It reached this conclusion by analyzing the plain language of the Act and its definition of marital discrimination. Thus, *Boaden* defined and declared existing law. Therefore, the trial court correctly applied the case to the Commission order and declared it void as a matter of law.

Even so, Davis contends that the trial court exceeded its authority when it reviewed the underlying Commission order and declared it invalid and unenforceable. In support of her position, she relies on *In re Schaefer*, 173 Ill. App. 3d 862, 527 N.E.2d 961 (1988). *Schaefer* holds that a petitioner cannot seek administrative review of a Commission order in the circuit court. *Schaefer*, 173 Ill. App. 3d at 863, 527 N.E.2d at 963-64. In our case, the court was asked to enforce a

Commission order. In so doing, it had express statutory authority to refuse to enforce an invalid order. See 775 ILCS 5/8—111 (B)(2), (B)(3) (West 1996) (a party may seek enforcement of only a valid Commission order and the circuit court shall have the power to grant or refuse the relief sought or impose such other remedy as it deems proper). Accordingly, the court appropriately considered the validity of the underlying order.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

SLATER, J., concurs.

JUSTICE HOMER, specially concurring in part and dissenting in part:

I agree that the complaint against Fred Haas, Sr., was properly dismissed by the trial court. However, I disagree with the majority holding that the Human Rights Commission exceeded the scope of its statutory authority rendering its order void as a matter of law and making it subject to collateral attack. Therefore, I respectfully dissent to that part of the majority's opinion.

Subject matter jurisdiction refers to a tribunal's authority to hear and determine causes of action of the general class to which the proceedings in question belong. See *Ward*, 395 Ill. at 360, 70 N.E.2d at 328. Pursuant to the Illinois Human Rights Act (775 ILCS 5/1— 101 *et seq.* (West 1996)), the Commission is authorized to hear and determine cases regarding alleged civil rights violations. It is a civil rights violation for an employer to discharge an employee on the basis of unlawful discrimination, which includes discrimination against an employee because of her marital status. 775 ILCS 5/2— 102(A), 1—103(J), (Q) (West 1996). Davis' claim of employment discrimination based on marital status falls squarely within the general class of cases within the subject matter jurisdiction of the Commission. Applying the majority's reasoning, subject matter jurisdiction would never be determinable at the outset of a case. Only after the Commission (or even the appellate court) hears the matter and concludes that the alleged civil rights violation falls within the purview of the Act would subject matter jurisdiction attach. Clearly, this result is not tenable.

The majority is incorrect when it states that *Boaden* "pronounced that the jurisdiction of the Commission does not encompass charges involving marital status discrimination based on the identity of one's

spouse." 296 Ill. App. 3d at 374. The supreme court, in *Boaden*, did not hold that the Commission lacked subject matter jurisdiction and therefore rendered a void order. Rather, it found that the Commission interpreted the law erroneously and declined, on direct review, to defer to the Commission's interpretation that the statutory definition of marital status encompasses policies based on the identity of one's spouse. *Boaden*, 171 Ill. 2d at 239, 664 N.E.2d at 65.

The supreme court recently applied a similar line of reasoning to child support orders that express support payments as a percentage of income. The court held such orders to be voidable rather than void and that such orders cannot be challenged by collateral attack. *In re Marriage of Mitchell*, 181 Ill. 2d at 174. Although the court found that the judgment entered by the trial court was contrary to the plain language of the statute, it determined that the trial court possessed jurisdiction over the parties and the subject matter. A court may not lose jurisdiction merely because it makes a mistake in determining either the facts, the law or both. *Mitchell*, 181 Ill. 2d at 174-75. The same is true of the Commission. The supreme court, in *Mitchell*, noted the parties had the opportunity to fully litigate the issues when the original order was entered. *Mitchell*, 181 Ill. 2d at 175. Because Haas & Haas chose not to appeal the Commission's order within the statutorily prescribed time period, it should not now be allowed to collaterally attack the Commission's order at this late date.

Additionally, I believe the trial court exceeded its authority in considering the merit of the underlying claim. As noted by the majority, a petitioner cannot seek administrative review of a Commission order in the circuit court. See *In re Schaefer*, 173 Ill. App. 3d 862, 863, 527 N.E.2d 961, 963-64 (1988). The legislature specifically gave the power of judicial review of the Commission's final orders to the appellate court (775 ILCS 5/8—111(A) (West 1996)) and merely vested the trial court with enforcement authority (775 ILCS 5/8—111(B) (West 1996)). In awarding summary judgment to Haas & Haas, the trial court improperly performed the function of judicial review.

For the foregoing reasons, I would find that the Commission's order was not void. As such, the order should not be subject to collateral attack. I would also find that the trial court exceeded its statutory authority by improperly performing the function of judicial review in this case. Accordingly, I would reverse the circuit court's entry of summary judgment.