**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240496-U

Order filed March 19, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| COURTNEY URBAN, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-24-0496 |
| | ) | Circuit No. 23-LA-482 |
| | ) | |
| ITI INTERMODAL, INC., | ) | Honorable |
| | ) | John C. Anderson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Holdridge and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The circuit court improperly considered the allegations of plaintiff's original, unverified complaint as judicial admissions which were fatal to plaintiff's amended complaint for employment discrimination. Therefore, the court erred by granting defendant's motion for judgment on the pleadings as to the amended complaint. Reversed and remanded.

¶ 2     In July 2023, plaintiff Courtney Urban sued her former employer, defendant ITI Intermodal, Inc., for unlawful discrimination under the Illinois Human Rights Act (Act) (775 ILCS

5/1-101 *et seq.* (West 2022)). Plaintiff later amended her complaint. In July 2024, the circuit court entered judgment on the pleadings in defendant's favor. 735 ILCS 5/2-615(e) (West 2022).

¶ 3    Plaintiff appeals. We reverse and remand for further proceedings.

¶ 4                    I. BACKGROUND

¶ 5              A. Defendant Hires and Fires Plaintiff

¶ 6    Defendant is an intermodal company. It provides shipping containers, container storage, container repair and maintenance, and transportation services. In August 2019, defendant hired plaintiff as a billing specialist. At the time, it knew plaintiff was married to Kaedyn Urban, who was employed by defendant.

¶ 7    On November 10, 2021, Kaedyn gave notice of his resignation. Two days later, defendant terminated plaintiff's employment.

¶ 8         B. Plaintiff Files a Charge with the Department of Human Rights

¶ 9    On November 13, 2021, plaintiff filed a charge with the Department of Human Rights. She alleged defendant violated the Act by unlawfully discriminating against her based on her marital status. See 775 ILCS 5/7A-102(A) (West 2020). The Department of Human Rights investigated the claim, and its Director issued a notice of substantial evidence and informed plaintiff she could file suit in the circuit court. See *id.* § 7A-102(C), (D).

¶ 10                 C. Plaintiff's Original Complaint

¶ 11    In July 2023, plaintiff filed a complaint in the circuit court. She sought actual and punitive damages, attorney fees, and costs. Plaintiff alleged that, when defendant hired her, it was aware Kaedyn also worked for defendant as a maintenance and repair supervisor. On November 10, 2021, Kaedyn told defendant he was leaving the company to take a position with a different company in the same industry. On November 12, 2021, before his last scheduled day of employment, defendant

2

terminated Kaedyn. The same day, defendant "retaliated against [p]laintiff and terminated [her] employment solely on the basis that she was Kaedyn's wife." At a "surprise termination meeting," defendant's general manager told her she was a hard worker, was good at her job, and had done nothing wrong. However, the general manager told plaintiff "that Defendant had to terminate [her] employment because [Kaedyn] was making a 'huge mistake' leaving Defendant's employ."

¶ 12    Plaintiff also alleged two unmarried individuals were treated more favorably under similar circumstances. Specifically, a female employee resigned from defendant to work for the same company that Kaedyn joined. However, that employee's fiancé remained employed by defendant and was not terminated. Another female employee resigned from defendant to work for another company in the same industry. Yet that employee's partner, with whom she lived and had a child, remained employed by defendant and was not terminated.

¶ 13    Defendant moved for judgment on the pleadings. Citing *Boaden v. Department of Law Enforcement*, 171 Ill. 2d 230, 238 (1996), and *Davis v. Haas & Haas, Inc.*, 296 Ill. App. 3d 369, 373 (1998), defendant argued plaintiff's claim was not cognizable under the Act because she had alleged her termination was based on the identity of her spouse, not based on her legal status of being married. The circuit court agreed with defendant, granted the motion, and gave plaintiff leave to replead.

¶ 14                                    D. The Amended Complaint

¶ 15    In March 2024, plaintiff filed an amended complaint. The amended complaint did not adopt or refer to any part of the original complaint. Plaintiff removed any mention of Kaedyn's name and instead referred generally to her "husband." She omitted the allegations regarding Kaedyn's position with defendant and his termination. She also omitted the allegations that she was

3

terminated "solely on the basis that she was Kaedyn's wife" and what defendant's general manager said about Kaedyn during the surprise termination meeting.

¶ 16   Instead, plaintiff alleged her employment application listed her marital status as "married," and defendant was at all times aware of her marital status and that her husband also worked for defendant. Further, plaintiff alleged defendant's general manager told her she was being terminated "solely on the basis that she was married," she "was given no other reason," and she had at all times met defendant's legitimate performance expectations. She restated the allegations that two unmarried individuals were treated more favorably and added two allegations (stated on information and belief): (1) the two unmarried persons who remained employed despite their partners resigning "were privy to the same or other internal Defendant company information" as plaintiff; and (2) she was replaced by an unmarried person.

¶ 17   Defendant again moved for judgment on the pleadings. This time, defendant argued the allegations of plaintiff's original complaint were binding judicial admissions. And because the allegations of the original complaint demonstrated her termination was based on her spouse's identity, defendant argued, the amended complaint was defective for the same reasons as the original complaint.

¶ 18                           E. The Circuit Court's Ruling

¶ 19   The circuit court heard arguments and took the matter under advisement. The court later granted the motion "for the reasons asserted in the motion."

¶ 20   This appeal followed.

¶ 21                              II. ANALYSIS

¶ 22                           A. Standard of Review

4

¶ 23 Section 2-615(e) of the Code of Civil Procedure provides that any party may "seasonably" move for judgment on the pleadings. 735 ILCS 5/2-615(e) (West 2022). Generally, judgment on the pleadings should be entered when "the pleadings disclose no genuine issue of material fact and *** the movant is entitled to judgment as a matter of law." *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 385 (2005). When, as here, a defendant moves for judgment on the pleadings before answering the complaint, the motion is the functional equivalent of a motion to dismiss for failure to state a claim. *Mitchell v. Norman James Construction Co.*, 291 Ill. App. 3d 927, 931-32 (1997).

¶ 24 Thus, in our *de novo* review (*Gillen*, 215 Ill. 2d at 385), we must determine whether the well-pleaded allegations of the amended complaint state a cause of action for a civil rights violation under the Act. See *Mitchell*, 291 Ill. App. 3d at 932. In making this determination, we must accept as true the amended complaint's factual allegations, and we must make all reasonable inferences to be drawn from those facts in plaintiff's favor. *Id.* But we must disregard all conclusions of law or fact that are not supported by specific factual allegations. *Id.*

¶ 25 B. The Act Prohibits Adverse Actions

Based on Marital Status But Not on Spouse's Identity

¶ 26 The Act is a remedial statute. *Board of Trustees of Community College Dist. No. 508 v. Human Rights Comm'n*, 88 Ill. 2d 22, 26 (1981). Among other things, it provides a means of redress for employees whose employers have discriminated against them. See 775 ILCS 5/2-102(A) (West 2022). Specifically, the Act states it is a civil rights violation "[f]or any employer *** to act with respect to *** discharge *** on the basis of unlawful discrimination." 775 ILCS 5/2-102(A) (West 2022). Relevant here, the Act defines "unlawful discrimination" as "discrimination against a person because of his or her actual or perceived[ ] *** marital status ***

5

as [that] term [is] defined in this Section." *Id.* § 1-103(Q). In turn, "marital status" is defined as "the legal status of being married, single, separated, divorced, or widowed." *Id.* § 1-103(J).

¶ 27        At issue in *Boaden* was an unwritten policy that prohibited state troopers from working on the same patrol shift in the same patrol area. *Boaden*, 171 Ill. 2d at 232. Interpreting the above-quoted text, the supreme court held "the statutory definition of marital status discrimination does not encompass policies based on the identity of one's spouse."[1] *Boaden*, 171 Ill. 2d at 238.

¶ 28        In *Davis*, the plaintiff alleged her employer unlawfully discriminated against her when it terminated her within a year after her husband was terminated. *Davis*, 296 Ill. App. 3d at 371. The Human Rights Commission (Commission) expressly found she was terminated based on her spouse's identity and awarded her damages, injunctive relief, attorney fees, and costs. *Id.* The plaintiff filed a complaint to enforce the Commission's order, and the defendant later moved for summary judgment, arguing the Commission's order was invalid under *Boaden* and could not be enforced. *Id.* The circuit court agreed and entered summary judgment for the defendant. *Id.* at 372.

¶ 29        The appellate court considered whether the Commission had subject matter jurisdiction to award relief when the claim was based on the identity of the plaintiff's spouse. Relying on *Boaden*, the appellate court determined the Commission had no such jurisdiction and wrote the following:

"In *Boaden* [citation], the court held that the Act does not extend to marital status discrimination actions based on the identity of an employee's spouse. In reaching this holding the court analyzed the definition of marital discrimination under the Act and

---

[1]We note the supreme court's decision resolved a split in this court on this question, which developed out of the case before it. In the decision below, the Fourth District concluded "that marital status discrimination [did not] include[ ] acts based on the identity of a spouse" (*Boaden v. Department of Law Enforcement*, 267 Ill. App. 3d 645, 642 (1994)), expressly rejecting a Third District case that had reached the opposite conclusion (*River Bend Community Unit School District No. 2 v. Human Rights Comm'n*, 232 Ill. App. 3d 838, 844 (1992)).

interpreted it to include only those charges of marital discrimination based on an individual's legal status, *i.e.*[,] married, single, divorced." *Davis*, 296 Ill. App. 3d at 373.

¶ 30 Even if, as plaintiff contends, *Boaden* is factually distinguishable because it involved a no-spouse policy, we find *Boaden*'s interpretation of the Act's relevant provisions unmistakably clear: marital status discrimination does not encompass employment actions that are taken based on the identity of a spouse. The Act does not distinguish, for purposes of protection, between adverse actions regarding discharge or those which affect the terms, conditions, and privileges of employment, as in *Boaden*. See 775 ILCS 5/2-102(A) (West 2022). With these guiding principles, we turn to bases of the circuit court's decision to grant defendant judgment on the pleadings.

¶ 31 C. The Circuit Court Erred When It Granted Defendant Judgment on the Pleadings

¶ 32 1. *The Allegations of the Original Complaint Were Not Binding Judicial Admissions*

¶ 33 Defendant's argument and the circuit court's ruling rely on the premise that the allegations of plaintiff's original complaint were binding judicial admissions that could not later be contradicted in the amended complaint. We reject this premise.

¶ 34 Generally, an amended pleading that is complete in itself and does not refer to or adopt a prior pleading supersedes the prior pleading. *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 154 (1983). Thus, when a complaint is amended, the prior complaint is effectively abandoned or withdrawn and ceases to be a part of the record for most purposes. *Id.*

¶ 35 Nevertheless, a pleading's allegations are formal, conclusive judicial admissions that withdraw a fact from issue. *Knauerhaze v. Nelson*, 361 Ill. App. 3d 538, 557-58 (2005). Judicial admissions are binding on the party who makes them. *Id.* at 557. "An admission in an unverified pleading signed by an attorney is binding on the party as a judicial admission." *Id.* at 558. If an original pleading is verified, an amended pleading cannot contradict the original pleading's

7

allegations unless the amended pleading discloses the admissions were made through mistake or inadvertence. *Id.* On the other hand, if an original pleading is not verified, its allegations become nonbinding evidentiary admissions when the pleading is amended. *Id.* Evidentiary admissions must be presented to the factfinder and may always be contradicted or explained. *Id.*; see *Robins v. Lasky*, 123 Ill. App. 3d 194, 198 (1984) (an evidentiary admission must be admitted into evidence and presented to the factfinder).

¶ 36        Plaintiff's amended complaint is complete in itself and does not refer to or adopt the original complaint. Thus, when plaintiff filed her amended complaint, she effectively withdrew and abandoned her original complaint. Further, the original complaint was not verified. Thus, its allegations are not binding judicial admissions but rather evidentiary admissions that may be presented to the factfinder. *Id.* Plaintiff is not bound by her original complaint's allegations, and her original complaint ceased to be a part of the record when she filed her amended complaint. Thus, we reject as improper the circuit court's reliance on the original complaint in finding the amended complaint was facially insufficient.

¶ 37             2. *The Amended Complaint Stated a Claim For Marital Status Discrimination*

¶ 38        Plaintiff's amended complaint was the operative pleading when defendant filed the motion at issue. Viewing its factual allegations in the light most favorable to plaintiff, we conclude it sufficiently states a claim for marital status discrimination as that term is defined in the Act.

¶ 39        To state a *prima facie* claim of marital status discrimination under the Act, the plaintiff was required to plead facts establishing (1) she is a member of a group protected by the Act, (2) she was performing satisfactorily, (3) she was discharged notwithstanding her satisfactory performance, and (4) a similarly situated employee outside her protected group was not discharged. See *Marinelli v. Illinois Human Rights Comm'n*, 262 Ill. App. 3d 247, 253 (1994).

8

¶ 40     In her amended complaint, plaintiff alleged that defendant was aware of her marital status and that she was married to another of its employees. See 775 ILCS 5/1-103(J), 1-103(Q) (West 2022) (protecting employees from discrimination based on the legal status of being married). She alleged that when her husband resigned from defendant, defendant terminated her, giving as its sole reason her legal status of being married. She further alleged that defendant did not terminate two unmarried employees whose respective romantic partners had resigned, even though (1) defendant knew of those employees' romantic relationships, and (2) those employees were privy to the same internal company information as plaintiff. If proven, these allegations would raise a rebuttable presumption that plaintiff's termination was unlawful and thus shift the burden to defendant to articulate a nondiscriminatory reason for her termination. See *Zedaraka v. Illinois Human Rights Comm'n*, 131 Ill. 2d 172, 178-79 (1989). Accordingly, we conclude plaintiff's amended complaint sufficiently stated a cause of action for marital status discrimination, and the circuit court improperly granted defendant's motion for judgment on the pleadings. *Mitchell*, 291 Ill. App. 3d at 931-32.

¶ 41                                III. CONCLUSION

¶ 42     For the reasons stated, we reverse the judgment of the circuit court of Will County and remand for further proceedings.

¶ 43     Reversed and remanded.

9