BAUER, Circuit Judge.
In a prior proceeding, a judgment in the amount of $700,000 was entered by the district court and affirmed by this court. Wienco, Inc. v. Katahn Assocs., Inc., 965 F.2d 565 (7th Cir.1992). In this proceeding, the district court granted Katahn’s motion for sum- ’ mary judgment based on Katahn’s Statement of Undisputed Facts, alleging fraud and RICO violations, Robert Wien’s failure to *330 respond with a statement of material facts in dispute, and Wien’s “consistent, wilful, and recalcitrant failure to meet the court’s deadlines.” Id. at 566. After we affirmed the district court’s decision, Wien filed for bankruptcy. The bankruptcy court, however, held that Katahn’s entire judgment against Wien was nondischargeable in bankruptcy and characterized Wien’s arguments to the contrary as “specious” and “disingenuous.” In re Robert E. Wien, 155 B.R. 479, 486 (N.D.Ill.1993).
Thus far, the only payments Wien has made to Katahn have been twenty Chicago Bears football tickets and $500 in gambling winnings. This development has forced Ka-tahn back to the district court seeking an order compelling Wien to turn over certain of his earnings pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-1402(c)(l), (2), and Rule 69 of the Federal Rules of Civil Procedure. Katahn requested that the court direct Wien to turn over $15,000 in commissions and an expense reimbursement that Wien testified he expected to receive in the fourth quarter of last year. In addition, Katahn sought an order directing Wien to pay Katahn twenty-five percent of his future income. The district court granted the order, finding that Wien had “thumbed his nose at the law ... for some time” and engaged in “subterfuge” to avoid paying Katahn.
Wien continues his obdurate and dilatory conduct by appealing the district court’s order, arguing that eighty-five percent of his earned indome, regardless of the total amount Wien earns, is exempt from the enforcement of a judgment. His argument is absurd. The only support Wien offers for his position is the Illinois Wage Garnishment Act. This Act permits a judgment creditor to obtain an order requiring the judgment debtor’s employer to pay directly to the creditor up to fifteen percent of the debtor’s income. 735 ILCS 5/12-803. The Act is clearly inapplicable; the district court’s order is directed to Wien himself and to no one else. Further, the Act is silent as to any other mechanism available to a judgment creditor to enforce its judgment or the exemptions of funds from the enforcement of judgments.
Beyond that, the Illinois Code of Civil Procedure specifically provides that a judgment creditor can enforce its judgment against whatever portion of thé debtor’s income the court decides is appropriate to satisfy the outstanding judgment. 735 ILCS 5/2-1402(c)(2). That provision enables the court to:
[Cjompel the judgment debtor to pay to the judgment creditor or apply on the judgment, in installments, a portion of his or her income, whenever earned or acquired, as the court may deem proper, having due regard for the reasonable requirements of the judgment debtor and his or her family, if dependent upon him or her, as well as any payments required to be made by prior order of court or under wage assignments outstanding.
Id. The Illinois Code does not limit the amount of earnings that may be made available to a judgment creditor based solely on the percentage of earnings requested. Wien’s argument is spurious, and the district court’s order granting the turnover of earnings is
AFFIRMED.