SIXTH DIVISION

September 1, 2000

No. 1-99-2982

CALIFORNIA-PETERSON CURRENCY

EXCHANGE, INC.,

Plaintiff-Appellant,

v.

JERRY FRIEDMAN,

Defendant-Appellee.

)

)

)

)

)

)

)

)

)

)

Appeal from the 

Circuit Court of 

Cook County.

No. 97 L 4077

Honorable

Thomas P. Quinn,

Judge Presiding.

JUSTICE O’BRIEN delivered the opinion of the court:

Plaintiff, California-Peterson Currency Exchange, Inc., a judgment creditor, appeals from an order of the circuit court discharging its citation to discover certain of defendant’s assets and denying its motion for turnover of 85% of defendant’s monthly earnings from Superior Bank FSB.  We affirm.

On appeal, we consider whether defendant’s compensation under a consulting contract falls within the definition of "wages" as defined by section 12-801 of the Code of Civil Procedure (Wage Deduction Act) (735 ILCS 5/12-801 (West 1998)), such that defendant may exempt 85% of that compensation from collection pursuant to section 12-803 of the Wage Deduction Act (735 ILCS 5/12-803 (West 1998)).

Plaintiff obtained a judgment against defendant in the amount of $206,922.19 plus costs.  To collect this judgment, plaintiff filed an affidavit for wage deduction order naming Superior Bank FSB as defendant’s employer.  Superior Bank filed a verified answer on which it had crossed out the word "employer" and substituted the word "agent" and referred to defendant as an "outside contractor."  

Because of Superior’s answer, plaintiff filed a third-party citation to discover assets, claiming defendant was not an "employee" but an "outside contractor" or "agent" to Superior.  Superior answered that defendant had no accounts with Superior Bank FSB and that Friedman was an "outside contractor [per] prior court order taking 15% of monthly earnings."  Superior provided plaintiff with a copy of the letter consulting agreement between Superior and defendant, copies of defendant’s invoices to Superior from March 19, 1999, to April 18, 1999, and a history of Superior’s payments to defendant. 

Plaintiff then filed a motion for turnover of assets alleging, 
inter alia
, that based upon Superior’s verified answer to the wage deduction proceedings, Superior’s answer to the citation, and documents tendered therewith, the monies Superior paid to defendant are not "wages" or "salary" as defined by section 12-801 (735 ILCS 5/12-801 (West 1998)), and plaintiff is entitled to all monies paid by Superior to defendant less the 15% being withheld per an earlier court order in another matter.  Superior filed an emergency motion to discharge the citation alleging, 
inter alia
, the compensation paid defendant was wages, salary, or commissions within the meaning of section 12-803 (735 ILCS 5/12-803 (West 1998)).   The circuit court conducted a nonevidentiary hearing, concluded the monies defendant receives from Superior fall within the provision of section 12-803 (735 ILCS 5/12-803 (West 1998)) as wages, salary or commission, discharged plaintiff’s citation to discover defendant’s assets and denied plaintiff’s motion for turnover of 85% of defendant’s monthly earnings from Superior.  Plaintiff appealed.  We review the circuit court’s decision 
de
 
novo
.  
In re Application of County Collector
, 265 Ill. App. 3d 485, 637 N.E.2d 679 (1994) (statutory interpretation); 
Davis v. Hass & Hass, Inc.
, 296 Ill. App. 3d 369, 694 N.E.2d 588 (1998) (appeal from dismissal).

On appeal, plaintiff frames the issue in a specific, narrow fashion.  Plaintiff contends that Superior’s characterization of itself as an "agent" and of defendant as an "outside contractor" in its answer to plaintiff’s wage deduction proceedings controls and places defendant’s income from Superior beyond the scope of the exception to wage deductions provided by sections 12-801 and 12-803 of the Wage Deduction Act. 735 ILCS 5/12-801, 12-803 (West 1998).  Plaintiff’s argument extrapolates from the legislature’s use of the word "employer" that only common law "employees" are protected by the exception to wage deduction provided by section 12-803  and that independent contractors are excluded from the exception even if their income is earned through labor.  Plaintiff is in error.

The label given by the parties in a written agreement is not dispositive of the employment status, but the facts of the case must be considered to determine what the individual’s employment status is.  
Earley v. Industrial Commission
, 197 Ill. App. 3d 309, 317, 553 N.E.2d 1112, 1118 (1990).  Here, the circuit court failed to conduct an evidentiary hearing to determine the circumstances of  defendant’s employment.  However, even assuming the circumstances of defendant’s employment are outside the common law definition of  "employee", it does not necessarily follow that this places his income as an independent contractor beyond the scope of the exception to wage deductions provided by sections 12-

801 and 12-803 of the Wage Deduction Act. 735 ILCS 5/12-801, 12-803 (West 1998). 

As originally enacted, the Wage Deduction Act provided neither a definition of  "employer" nor any process for notifying a judgment debtor of an impending wage garnishment.  Pub. Act 82-280, art. XII, part 8, eff. July 1, 1982.  In 
Kirby v. Sprouls
, 722 F. Supp. 516 (C.D. Ill. 1989), the Federal District Court for the Central District of Illinois declared the statute unconstitutional as a violation of due process.  The Illinois legislature responded by amending the statute to add a notice requirement and the right to a hearing.  Pub. Act 86-1268, eff. November 5, 1990.  As part of this amendment, the legislature added a provision to section 12-801, that defined "employer" simply as "the person named as employer in the affidavit filed under Section 12-805," and a provision to section 12-805, that required the named "employer" to provide "the information necessary to  determine the proper amount of nonexempt wages" and to "certify that [this information] has been mailed or hand delivered to the judgment debtor."  Pub. Act 86-1268, §1,  eff. November 5, 1990 (codified at 735 ILCS 5/12-801, 12-805 (West 1998)).  Thus, the legislature did not define "employer" in terms of the manner or conditions of the engagement to perform services, but simply as the person named in the wage deduction affidavit.  See also 86th Ill. Gen. Assem., House Proceedings, May 18, 1990, at 3-5, and June 26, 1990, at 48-49(statements of Representative Cullerton); 86th Ill. Gen. Assem, Senate Proceedings, June 20, 1990, at 6–7, June 21, 1990, at 63-64 (statements of Senator Rock).  This court is required to accept the legislature’s definition. See 
Garza v. Navistar International Transportation Corp.
, 172 Ill. 2d 373, 666 N.E.2d 1198, 1201 (1996).   

Substituting the statutory definition of  "employer" in the Wage Deduction Act for the word "employer" in the statutory definition of wages in the Wage Deduction Act, the term "wages" means "any hourly pay, salary, commissions, bonuses, or other compensation owed by [the person named in the wage deduction affidavit] to a judgment debtor."  735 ILCS 5/12-801 (West 1998).  When this definition is read together with section 12-803 of the Wage Deduction Act, which provides that the maximum wages subject to collection under a deduction order shall not exceed 15% of the gross amount paid for that week (735 ILCS 5/12-803 (West 1998)), it is clear that the legislature did not intend its definition of "employer" in the Wage Deduction Act to narrow the application of the statutory exemption to exclude compensation owed an independent contractor for services. To hold otherwise would be to deprive a judgment debtor whose wages are derived from work as an independent contractor of the ability to earn a living as the debtor’s entire wage would be subject to attachment.

Here, plaintiff admits that defendant received "compensation" from Superior, the person named in the wage deduction affidavit.  Accordingly, the circuit court did not err in concluding that defendant’s compensation under a consulting contract falls within the definition of "wages" as defined by section 12-

801 of the Wage Deduction Act (735 ILCS 5/12-801 (West 1998)), such that defendant may exempt 85% of that compensation from collection pursuant to section 12-803 of the Wage Deduction Act (735 ILCS 5/12-803 (West 1998)). The circuit court’s order discharging plaintiff’s citation to discover defendant’s assets and denying plaintiff’s motion for turnover of 85% of defendant’s monthly earnings from Superior is affirmed.

Affirmed.

ZWICK, J., and BUCKLEY, J., concur.