**In re Jeffrey P. CHRISTY, Debtor.**

**No. 02–74783.**

United States Bankruptcy Court, C.D. Illinois.

March 4, 2004.

Gordon W. Gates, Springfield, IL, for Debtor.

---

A. Clay Cox, Bloomington, IL, trustee.

**OPINION**

LARRY L. LESSEN, Bankruptcy Judge.

This issue before the Court is whether a portion of the pre-petition accounts receivable of the Debtor's medical corporation are exempt as wages under 735 ILCS 5/12–803.

The Debtor, Jeffrey Christy, filed a petition pursuant to Chapter 7 of the Bankruptcy Code on November 5, 2002. Clay Cox was subsequently appointed Chapter 7 Trustee.

At the time he filed his petition, the Debtor, a cardiovascular surgeon, owned 50% of the outstanding stock of a medical corporation known as Springfield Cardiovascular Surgery, S.C. The medical corporation has five employees: the Debtor, the other 50% shareholder—Dr. William Pyle, a bookkeeper/administrator, and two nurses. The hard assets of the corporation are limited to desks and a few computers. The Debtor and Dr. Pyle are surgeons who work exclusively out of a hospital. Therefore, the corporation does not own any medical equipment or supplies. The corporation does not have any debt other than accrued payroll, related payroll taxes, and current operating expenses. The main asset of the corporation are the accounts receivable at issue in this proceeding.

As a result of the filing of the Debtor's Chapter 7 case, the stock of the corporation became property of the estate pursuant to 11 U.S.C. § 541(a)(1). Because state law prevents persons not licensed to practice medicine from owning stock in a medical corporation, 805 ILCS 15/13, the Trustee may not take title to the Debtor's stock in the corporation. Thus, the Debt-or continued to hold the stock of the corporation.

At the time of the bankruptcy filing, the Debtor's share of the corporation's accounts receivable was approximately $155,000. The Debtor claimed an exemption in these funds pursuant to 735 ILCS 5/12–803, which provides that 85% of a debtor's wages or salary are exempt from collection, garnishment or attachment. The Debtor further asserts that the accounts receivable are primarily the result of his post-petition efforts and, therefore, exempt under 11 U.S.C. § 541(a)(6).

The Trustee has filed an Objection to Exemption and Motion for Turnover. The Trustee asserts that the Debtor's interest in the medical corporation and its accounts receivable are assets of the bankruptcy estate pursuant to 11 U.S.C. § 541(a). The Trustee maintains that the accounts receivable do not represent wages, but rather profits generated by estate property, i.e. the "running of a business". The Trustee seeks the turnover of these funds.

The Trustee has filed a Motion for Summary Judgment. The Debtor agrees with the Trustee that there are no genuine issues of material fact. Both parties believe they are entitled to judgment as a matter of law.

Under Illinois law, the term "wages" means "any hourly pay, salary, commissions, bonuses, or other compensation owed by an employer to a judgment debtor." 735 ILCS 5/12–801. *See California–Peterson Currency Exchange, Inc. v. Friedman,* 316 Ill.App.3d 610, 613, 736 N.E.2d 616, 618, 249 Ill.Dec. 422 (2000). Illinois case law does not address the issue of whether the accounts receivable of a closely-held corporation constitute wages. Case law from other jurisdictions is helpful. Construing the Idaho exemption for earnings, an Idaho bankruptcy court has held as follows:

Although" accounts receivable" is not expressly included in the definition of earnings under [the Idaho statute], this Court has held that:

> [s]o long as the subject "receivable was actually derived from the personal services of the debtor, it is exempt to the degree provided in the statute. The matter is, in the final analysis, one of proof of the facts surrounding the creation of the accounts receivable and to what extent the account receivable does or does not reflect compensation for personal services."

*In re Atkinson,* 258 B.R. 769, 773 (Bankr.D.Idaho 2001), *quoting In re De-Boer,* 993 I.B.C.R. 101, 103–04 (Bankr.D.Idaho 1999). The Ninth Circuit came to a similar conclusion in its reading of the California state exemption for earnings, noting that it was "at least clear that a primary criterion [to qualify as earnings] is that the payments must be for 'personal services performed'." *In re Carter,* 182 F.3d 1027, 1032–33 (9th Cir.1999).

Courts have used a similar analysis in interpreting the earnings exemption of § 541(a)(6). *In re FitzSimmons,* 725 F.2d 1208 (9th Cir.1984) involved an attorney who operated a sole proprietorship which employed other attorneys. The Ninth Circuit held that the debtor could exempt from property of the estate "the portion of the law practice's earnings that were attributable to [his] personal services", but that the earnings from the work of the other lawyers would be property of the estate. 725 F.2d at 1212. *See In re Sholdra,* 270 B.R. 64, 72 (Bankr.N.D.Tex.2001) ("The test of whether earnings are excluded from the estate pursuant to Section 541(a)(6) is whether they are produced by the debtor's personal services or by something else.")

The Debtor relies on *Atkinson, supra,* where the court allowed the debtor to claim an exemption as wages in the accounts receivable of his medical corporation. The court in *Sholdra, supra,* reached a similar result in a case involving the accounts receivable of an ophthalmologist's professional corporation because there was "no evidence that the payments resulted other than from Defendant's personal services." 270 B.R. at 72. *See In re Molina Y. Vedia,* 150 B.R. 393 (Bankr. S.D.Tex.1992).

*Atkinson* and *Sholdra* are distinguishable from the case at bar. In *Atkinson* and *Molina Y. Vedia,* the debtors operated their medical practices as sole proprietorships. No other revenue-generating professionals were employed by the sole proprietorships. In *Sholdra,* the debtor was the only professional person in his medical corporation. The only other employees of the corporation were the debtor's wife, who worked as the office manager, and a part-time clerk. In the case at bar, the Debtor's medical corporation includes another doctor, a bookkeeper, and two nurses. There is no evidence before the Court as to what percentage of the accounts receivable are attributable to the other employees of the corporation. Therefore, summary judgment is not appropriate.

The Debtor also argues that the accounts receivable are primarily the result of his post-petition efforts. According to the Debtor's affidavit, $122,902 of his total accounts receivable of $155,310 are attributable to required post-surgical care. There is no indication in the record of how the Debtor came up with this figure. It is not supported by any time records, billing records, or any other documentary evidence. It appears to be just a guess on the part of the Debtor.

Moreover, this Court has held that in the context of insurance renewal commissions that the commissions were property of the bankruptcy estate even though the

debtor continued to service the policies post-petition. *In re Fromhart,* Case No. 93–72045, 1994 WL 16006018 (Bankr. C.D.Ill. October 28, 1994). The Court reached a similar conclusion in the case of a real estate agent; the Court found that the agent earned his commission pre-petition when he produced the buyer, and that the commission was property of the bankruptcy estate even though the closing took place post-petition and the agent continued to service the contract. *In re Pfister,* Case No. 98–71351, 1998 WL 34070557 (Bankr.C.D.Ill. September 2, 1998).

Based on the record before it, the Court cannot determine how much of the accounts receivable are attributable to the post-petition services of the Debtor.

For the foregoing reasons, summary judgment is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion entered this day,

IT IS HEREBY ORDERED that the Trustee's Motion for Summary Judgment be and is hereby denied.