**In re Michael RADZILOWSKY, Debtor.**

No. 10 B 09305.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

May 6, 2011.

Michael Radzilowsky/Law Offices of Michael Radzilowsky, Andrew J. Maxwell, Maxwell Law Group, LLC, Chicago, IL, for Debtor.

William G. Cross, Frank/Gecker, LLP, for Trustee.

### *MEMORANDUM OPINION*

CAROL A. DOYLE, Bankruptcy Judge.

The chapter 7 trustee seeks turnover of payments that the debtor, an attorney, received post-petition for work he performed for clients pre-petition. The debtor claims that this money is exempt under the Illinois Wage Deduction Act. As discussed below, however, this statute does not create an exemption for unpaid wages. It merely places a limit on the amount of unpaid wages that may be paid directly to a creditor through a wage deduction order. The funds received by the debtor post-petition for pre-petition work are non-exempt property of the bankruptcy estate that must be turned over to the trustee.

### I. Background

The debtor, Michael Radzilowsky, is an attorney who filed a chapter 7 bankruptcy petition on March 5, 2010. The trustee,

Frances Gecker, alleges that the debtor collected approximately $65,000 in legal fees from the petition date through December 31, 2010. She seeks turnover of all legal fees paid to the debtor post-petition for work performed before the petition date. In response, the debtor asserts that only $1100 of the money paid by clients after the petition date was for pre-petition work. He also contends that attorneys' fees owed by clients are treated as wages for purposes of the Illinois Wage Deduction Act ("Act"), 735 ILCS 5/12–803, and that the Act provides an exemption for 85% of those wages. *See, e.g., California–Peterson Currency Exchange, Inc. v. Friedman,* 316 Ill.App.3d 610, 249 Ill.Dec. 422, 736 N.E.2d 616, 618 (2000) (holding independent contractor's compensation fell within definition of "wages" under the Act); *see also In re Mayer,* 388 B.R. 869, 872 n. 1 (Bankr.N.D.Ill.2008) (noting that Illinois case law recognizes that accounts receivable from clients of an independent contractor are treated as wages for purposes of the Act). The trustee does not contest that the debtor's accounts receivable fall within the scope of the Act. She argues instead that the Act does not create an exemption for purposes of the Bankruptcy Code.

## II. Exemptions under § 522(b) of the Bankruptcy Code

■ Section 522(b) of the Bankruptcy Code allows a debtor to exempt certain property from the bankruptcy estate. 11 U.S.C. § 522(b). Illinois has opted out of the federal exemptions so debtors domiciled in Illinois may claim an exemption for any property that is exempt under Illinois law. 735 ILCS 5/12–1201; 11 U.S.C. § 522(b)(3)(A). The Act provides that wages "subject to collection under a deduction order ... shall be the lesser of (1) 15% of such gross amount paid for that week, or (2) the amount by which disposa-

ble earnings for a week exceed 45 times the Federal Minimum Hourly Wage ... or ... the minimum hourly wage, ... whichever is greater." 735 ILCS 5/12–803. The debtor argues that this 15% limit on the amount a court may order an employer to deduct from a debtor's wages and pay directly to a judgment creditor operates as an exemption in bankruptcy.

Courts are divided on whether this provision creates an exemption for purposes of § 522(b). Two courts have concluded that the Act does not create an exemption for unpaid wages owed on the petition date. *In re Koeneman,* 410 B.R. 820 (C.D.Ill.2009); *In re Thum,* 329 B.R. 848 (Bankr.C.D.Ill.2005). These courts reason that the Act applies only when a creditor seeks a court order requiring an employer to pay the creditor directly from wages owed to the debtor. The *Thum* court explained that Illinois does not provide a general exemption for wages. 329 B.R. at 851. It concluded that the language of the Act is not broad enough to create an exemption for unpaid wages. *Id.* at 853–54.

The court in *In re Mayer,* 388 B.R. 869 (Bankr.N.D.Ill.2008), reached the opposite conclusion. The *Mayer* court explained that the Act applies both to wage deduction orders and to citations to discover assets-the only other way that a creditor could potentially take a debtor's earned but unpaid wages. Because the 15% cap in the Act applies in both situations, the *Mayer* court concluded that Act operates as an exemption for 85% of all earned but unpaid wages purposes of § 522(b).

■ The court agrees with the reasoning in *Thum,* which the *Koeneman* court adopted. The Act does not operate as an exemption in bankruptcy. Whether a state law is treated as an exemption for purposes of § 522(b) is a question of federal law. *See In re Lawrence,* 219 B.R. 786,

791 (E.D.Tenn.1998). Property is exempt if "the debtor can forever sequester [it] to himself and place [it] completely beyond the reach of his creditors." *Id.* at 791; *see also White v. Stump,* 266 U.S. 310, 313, 45 S.Ct. 103, 69 L.Ed. 301 (1924) (An exemption for purposes of the Bankruptcy Act was a "a present right ... which withdraws the property from levy and sale under judicial process.").

The Act does not "forever sequester" the debtor's wages, or even his unpaid wages. Once the wages are in the debtor's possession, the 15% cap no longer applies and creditors are free to attempt to obtain the wages to satisfy a judgment. *See Wienco, Inc. v. Scene Three, Inc.,* 29 F.3d 329 (7th Cir.1994). The Act simply puts a temporary limit on how much of the debtor's wages a judgment creditor can take before the wages are paid to the debtor. The Illinois legislature could have easily exempted some portion of wages if it so desired, just as it "forever sequestered" other types of payments by prohibiting "execution, attachment, garnishment or other process" of life insurance proceeds, *see* 215 ILCS 5/238(a), and "lien, attachment, or garnishment" of worker's compensation, *see* 820 ILCS 305/21. It chose not to do so. The narrow scope of the Act does not remove wages—paid or unpaid—from the reach of creditors and, therefore, does not create an exemption that applies under § 522(b) of the Bankruptcy Code.

In this case, the debtor had accounts receivable on the petition date that were owed by various clients for legal work performed pre-petition. These accounts receivable are nonexempt property of the estate. To the extent that these receivables have been paid post-petition, the debtor must turn the payments over to the trustee. The court will hold a further hearing to determine the amount that the debtor must turn over to the trustee.